ARKANSAS GAZETTE COMPANY *v.*
SOUTHERN STATE COLLEGE et al

81-90                                          620 S.W. 2d 258

Supreme Court of Arkansas
Opinion delivered June 29, 1981
[Rehearing denied September 28, 1981.]

*Rose Law Firm, P.A.*, by: *Phillip Carroll*, for appellant.

*Steve Clark*, Atty. Gen., by: *Nelwyn Leone Davis*, Asst. Atty. Gen., and *Allen, Cabe & Lester*, by: *H. William Allen*, for appellees.

ROBERT H. DUDLEY, Justice. The appellant, Arkansas Gazette Company, brought suit against the Arkansas Inter-collegiate Athletic Conference seeking to compel the AIC to disclose the amount of money that its member institutions had disbursed to student athletes during the last school year. The lower court denied appellant access to the AIC financial records on the basis that the records were "educational" and were required by law to be closed to the public pursuant to the Arkansas Freedom of Information Act, Ark. Stat. Ann. § 12-2804 (Repl. 1979) and The Family Education Rights and Privacy Act of 1974, 20 U.S.C.A. § 1232g.

The AIC is composed of ten Arkansas colleges and universities — five public and five private. It is governed by a constitution and by-laws which require the members to submit an annual report detailing the amount of money disbursed to student athletes. The stated purpose is to support the subsidization of athletes. In *North Central Association of Colleges* v. *Troutt Brothers*, 261 Ark. 378, 548 S.W. 2d 825 (1977), we held that a voluntary association of publicly supported educational institutions was subject to the Freedom of Information Act even though the association business was conducted through a private non-profit corporation. Similarly,

each of the ten member institutions currently pays $2,800 in annual dues to this voluntary association of colleges and universities. The dues paid by the state supported institutions are from public funds. Therefore the AIC is partially supported by public funds.

The AIC cites *McMahan* v. *Board of Trustees of University of Arkansas*, 255 Ark. 108, 499 S.W. 2d 56 (1973), where we found the Freedom of Information Act did not apply to lists kept by the athletic department of people who were issued complimentary football tickets. However, in 1973, the act only required the disclosure of records which by law were required to be kept and maintained. Since that date the General Assembly has amended the act to include records required to be kept or

> ... (b) otherwise kept and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. § 12-2803.

This addition to the act clearly applies to the AIC and thus the records are public ones. The public has a fundamental right of access to public records. This right is the general rule and secrecy is the exception.

The AIC asks us to construe the act in such a way that these records fall within the "scholastic" exception. "Whether a statute should be construed narrowly or broadly depends upon the interests with which the statute deals ... [and] statutes enacted for the public benefit are to be interpreted most favorably to the public ... the Freedom of Information Act was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved." *Laman* v. *McCord*, 245 Ark. 401, 432 S.W. 2d 753 (1968). Accordingly, we interpret the language of this exception to be limited to individual education or academic records, and we do not construe it to include information concerning the amount of money paid to student athletes. The appellant Gazette has specifically

deleted from its request any information about individual scholastic records.

The AIC contends that the records contain confidential information which would violate a student's reasonable expectation of privacy if released to appellant. No student has claimed a right of privacy and the standing of the AIC to assert the athlete's claim is doubtful. Even so, we have considered the argument and dismiss it. The AIC report contains the student's name, the amount paid to him through an AIC grant, the amount paid to him for work, the amount loaned to him, the amount paid to him through three federal and states grants (BEOG, SEIB and EOG, the amount paid to him through other grants, the amount of other financial aid given to him and the amount of notes he may have signed for any of the above. An application by the student for any of the above listed grants or loans is confidential and is not included in the AIC report. The amount of money distributed from the member institution to the student athlete from any of the above sources is the only information contained in the report and is the only information sought. No one has a reasonable expectation of privacy concerning the amount of public funds dispersed to him unless that person clearly comes within one of the exceptions which by law are required to be closed to the public.

The AIC contends, and the trial court held, that the records sought are "educational records" required to be closed to the public under The Family Education Rights and Privacy Act of 1974, 20 U.S.C.A. §§ 1230-1232i. We disagree. The AIC is not an educational agency or institution subject to the authority of the Federal Commission of Education as defined by the act, § 1232g (a)(3), and is not subject to the act. However, the member institutions are subject to the authority of the Commission and they have been supplying records to the AIC which conceivably are "education records" which are "personally identifiable" as described by § 1232g (a)(4)(A). If the colleges and universities have breached the federal act that breach had already occurred and those member institutions cannot now claim that they should not have supplied the information to the

AIC. The records sought are not required by law to be closed to the public.

Reversed and remanded.

HAYS, J., not participating.