The Honorable Andrew J. Ziser Prosecuting Attorney Courthouse Annex Fayetteville, AR 72701-6192
Dear Mr. Ziser:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. 25-19-101 et seq. You have asked, specifically, whether memoranda prepared and possessed by outside attorneys representing the City of Fayetteville are subject to public inspection and copying under the FOIA. The law firm was apparently retained for the disengagement process in connection with an incinerator project which was funded through a bond issue.
It is my opinion that these memos are subject to disclosure under the FOIA.
Section 25-19-103(1) defines public records in pertinent part as follows:
 `Public records' means writings, recorded sounds, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds.
While this office has previously noted that the mere receipt of public funds will not necessarily trigger applicability of the FOIA in each instance, (see Attorney General Opinion Numbers 83-163 and 84-214), the singular purpose of the act must be recognized when considering the issue. It may be concluded that the attorneys in this case are "partially supported by public funds" due to their receipt of fees from the city. The question remains whether the documents "constitute a record of the performance or lack of performance of official functions" for purposes of 25-19-103.
The FOIA emerged from the legislature's intent to assure that members of the public could be informed as to ". . . the decisions that are reached in public activity and in making public policy." A.C.A. 25-19-102. Thus, the act's focus is clearly upon informing electors of the manner in which public officials perform their duties and make public policy. On the other hand, the language of25-19-103(1), supra, with regard to agencies "wholly or partially supported by public funds" does illustrate the fact that private entities can be subject to the FOIA. This analysis involves, in part, the extent to which "public business" (A.C.A. 25-19-102) is being conducted through the private entity, thereby indicating that public policy is being made and governmental functions performed by such "agency" supported by public funds. As noted by the author of "Access to Public Records Under the Arkansas FOI Act," 37 Ark.L.Rev. 741, 768 (1984), "[w]hen the state or a political subdivision thereof seeks to conduct its affairs through private entities . . ." the activities of those entities become subject to the FOIA. See also North Central Association of Colleges and Schools v. Troutt Brothers, 261 Ark. 378, 548 S.W.2d 825
(1977); Arkansas Gazette Co. v. Southern State College,273 Ark. 248, 620 S.W.2d 258 (1981).
In response to your specific question, the nature of the duties of the law firm in its representation of the governmental client is so intertwined with public policy that it is difficult, if not impossible, to separate the right of the private attorney to privacy in the conduct of his business and the public's right to know how its business is being conducted. The Supreme Court of Arkansas has clearly stated that in interpreting the FOIA, a liberal construction must be adhered to so as to favor public disclosure. Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). These factors compel the conclusion that the scale must tip in favor of public disclosure as to those items which constitute a record of the firm's functions in relation to this particular matter involving the city.[1] The memoranda would, it seems, fall into this category. By definition, these records are "public records." A contrary result would arguably foster the indirect shielding of a record which could not otherwise be shielded directly. Such a result would be contrary to both the letter and spirit of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] This is not to suggest, however, that all of the attorneys' files become open to inspection simply because they are retained by the government. The disclosure requirement only extends to those records which "constitute a record of the performance or lack of the performance of official functions. . . ." A.C.A. 25-19-103(1).