The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, AR 72503
Dear Senator Bell:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified as A.C.A. 25-19-101 et seq. Your question pertains, specifically, to a non-profit organization's receipt of funds pursuant to Act 405 of 1989 (A.C.A. 14-173-101 to -105 (Supp. 1989)).[1] This act authorizes the grant of public funds to a non-profit corporation, organization, or association to aid or assist or otherwise promote economic development in cities and counties. A.C.A. 14-173-103 (Supp. 1989). You have asked whether the awarding of these grants constitutes "'funding' so as to make the Chamber of Commerce subject to the Freedom of Information Act of Arkansas."
The pertinent inquiry under the FOIA is whether the agency or organization in question is "wholly or partially supported by public funds or expending public funds" within the meaning of the act. A.C.A. 25-19-103(1); see also A.C.A. 25-19-103(2) and 25-19-106(a). Section 25-19-102, the policy statement of the FOIA, states that "public business" should be performed in an open and public manner so that electors are advised of the performance of public officials and of decisions reached in "public activity and in making public policy." Clearly, the General Assembly by its policy statement in the FOIA intended that the act apply to public or governmental activity. On the other hand, the language "supported wholly or in part" by public funds (A.C.A.25-19-103(2) and 25-19-106(a)) reveals that private entities can be subject to the FOIA. See also North Central Association of Colleges Schools v. Troutt Brothers, Inc.,261 Ark. 378, 548 S.W.2d 825 (1977); Arkansas Gazette Co. v. Southern State College, 273 Ark. 248, 620 S.W.2d 258 (1981), app. dism'd, 455 U.S. 931 (1982). John J. Watkins, author of The Arkansas Freedom of Information Act, a Guide for Attorneys, Public Officials, Journalists, Citizens (1988), has expressed the "public business" provision of the FOIA as follows: ". . . when the state or one of its political subdivisions attempts to conduct its affairs through private entities, those entities are for all practical purposes the government itself, and the FOIA should apply." Watkins, The Arkansas Freedom of Information Act 30 (1988). This office has stated that where a private entity receives public funds, directly or indirectly, and enjoys a "symbiotic relationship" with the state, the FOIA will apply. Attorney General Op. No. 83-163; see also Op. No. 87-378. As stated in Opinion Number 83-163, "[w]hen the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes."
Turning to Act 405 of 1989 (A.C.A. 14-173-101 to -105 (Supp. 1989)), the General Assembly has, under this act, authorized the "grant" of county or municipal funds to non-profit organizations, with the term "grant" defined therein as "an award or transfer of public funds to a non-profit corporation under a set of prescribed criteria to accomplish the public purpose of economic development in the city or in the county or in their surrounding areas." A.C.A. 14-173-102(4) (Supp. 1989). We must note, initially, that this office recently addressed the constitutionality of the act in Attorney General Opinion Number 90-279, a copy of which is enclosed. It was concluded therein that the act is constitutionally suspect to the extent that it purports to authorize the award or transfer of county or city funds to nonprofit corporations such as a local chamber of commerce. While it is therefore my opinion that a court would in all likelihood strike down a direct grant of funds under this act, if the Chamber nevertheless receives such grants, it must do so under some theory that it is a quasi municipal or county governmental agency which is carrying out certain governmental purposes. See, e.g., Bourland v. Pollock, 157 Ark. 538, 249 S.W.2d 360 (1923). It may be successfully contended in that instance that the county or city is attempting to conduct its affairs through the Chamber, or that the Chamber and the city or county are intertwined such that the FOIA is generally applicable.
This office has previously concluded that a local industrial development corporation is subject to the FOIA where 33% of its total budget is derived from funds appropriated by local governments. Att'y Gen. Op. No. 87-448. A similar conclusion must, in my opinion, be reached with regard to the Chamber in this instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
MARY B. STALLCUP Attorney General
MBS:arb
[1] According to correspondence attached to your request, the Batesville Area Chamber of Commerce ("Chamber") has received grants under Act 405 from Independence County and the City of Batesville.