H.G. Foster Prosecuting Attorney P.O. Box 1105 Conway, AR 72032
Dear Mr. Foster:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). It is my understanding that your question stems from a request submitted to the treasurer of Van Buren County, pursuant to the FOIA, to view the contracts of teachers and other school employees in the county. Your questions are restated as follows:
 1. Are employment contracts between a school district and teachers, which are maintained by a county treasurer's office, exempt from public disclosure pursuant to A.C.A. § 25-19-105(b)(10) as personnel records?[1]
 2. Must the treasurer notify the teachers who are the subjects of the employment contracts prior to release of the records?
In my opinion, the answer to both of your questions is "no."
Teacher contracts maintained by the county treasurer pursuant to state statute are not personnel records exempt from disclosure, and thus the treasurer is not required to notify the teachers prior to release of the records.
Reference must be made in this regard to A.C.A. § 6-17-919
(1987), which states in pertinent part that:
 (a) All warrants issued in payment of teachers' salaries are void unless:
 (1) The teacher has a valid teachers' certificate filed in the county supervisor's office;
 (2) The teacher has been employed by a valid written contract; and
 (3) Copies of such contract are on file in the offices of the county treasurer and the county supervisor.
* * *
 (c) The county treasurer and his surety shall be liable for all warrants in payment of teachers' salaries which he pays unless and until there is a valid contract on file in his office. [Emphasis added.]
I assume that the county treasurer is maintaining the contracts pursuant to this provision. The definition of a public record is set out at A.C.A. § 25-19-103(1) and includes the following:
 All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
Section 25-19-105(a) states:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
Clearly, then, the employment contract of a public school teacher compensated with public funds is a public record and subject to public scrutiny, unless specifically exempted under § 25-19-105. Section 25-19-105(b)(10) exempts from public disclosure "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." While there are apparently no Arkansas cases addressing the issue, it is my opinion that, in all likelihood, this personnel records exception to the FOIA would not be deemed to encompass those teacher contracts maintained by the county treasurer pursuant to Section 6-17-919. The function of this section has no relation to maintenance of records for personnel matters, but rather is a means of financial checks and balances. The teacher contracts are maintained in the treasurer's office in order to assure that the warrants are paid in a proper manner. The Arkansas Supreme Court has committed to the proposition that the FOIA should be broadly construed in favor of disclosure and exceptions are construed narrowly in order to counterbalance the self-protective interests of the governmental bureaucracy.McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989); Arkansas Gazette Co. v. Southern State College,273 Ark. 248, 620 S.W.2d 258 (1981). Accordingly, it is my opinion that the contracts maintained by the treasurer pursuant to §6-17-919 would not be deemed personnel records. Rather, they are public records which are generally open for inspection and copying under the FOIA.
With regard to your second question, it is my opinion that because the contracts maintained by the treasurer pursuant to §6-17-919 are not personnel records, notice to the teachers is not required prior to release of the records under the FOIA. Section25-19-105(b)(3)(A) requires the custodian to notify the subject of the records within twenty-four hours of the receipt of a request to inspect personnel records. As set out in the answer to your first question, however, because teacher contracts maintained by the treasurer pursuant to § 6-17-919 would not, in my opinion, be deemed personnel records, the § 25-19-105(b)(3)(A) notice requirement is not applicable.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] While your inquiry focuses primarily on contracts of teachers, you also inquire as to contracts between a school district and other school employees. You do not mention which employees you are referring to and I therefore lack sufficient information to determine whether there is a statutory requirement that such contracts be maintained by the treasurer of the county and whether the personnel records exemption would apply to such a record. Consequently, this response is limited to teacher contracts maintained in the office of the county treasurer.