Mr. John W. Walker Attorney at Law 1723 Broadway Little Rock, AR 72206
Dear Mr. Walker:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your request is made pursuant to A.C.A. § 25-19-105(c)(3), which authorizes the custodian, requester, or the subject of personnel or evaluation records to seek an opinion from the Attorney General stating whether the custodian's decision is consistent with the FOIA.[1]
You state that a request has been made under the FOIA to inspect and copy the entire personnel file of Mr. John Hickman, a teacher under contract to the Little Rock School District. You state that the School District proposes to allow that unless you request an opinion under § 25-19-105(c).
Included in the attachments to your request is correspondence directed to you by Dr. Mac Bernd, Superintendent of the School District, dated March 18, 1993, which identifies the material that the District proposes to release from the personnel file for public inspection.[2] It thus appears that the District does not propose to release the entire personnel file. Dr. Bernd states in his letter that the documents will be forwarded with social security numbers, marital status, family composition and medical history deleted.
The material identified by Dr. Bernd appears, as a general matter, to be subject to disclosure under the FOIA.[3] It is my opinion that the decision to release the records, with the deletions noted in his letter, is generally consistent with the FOIA.
It appears, with the possible exception noted herein regarding "transcripts" (see discussion supra at n. 2), that the records the custodian proposes to release fall within the personnel records provision of the FOIA.[4] Personnel records are exempt from disclosure "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). A blanket decision to either afford or deny access to personnel records is, in my opinion, contrary to the FOIA. Rather, any exempt information (that is, information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy) should be deleted and the remainder of the record(s) made available for inspection and copying.
While no Arkansas court has articulated what constitutes a "clearly unwarranted invasion of personal privacy," this office has opined that the federal courts can be looked to for guidance in this regard. See Op. Att'y Gen. 87-115. In construing a similar provision contained in the federal Freedom of Information Act, federal courts have narrowly interpreted the phrase "invasion of personal privacy." Federal courts have adopted the position that information falls within the exception if it concerns an intimate detail, or if it involves private facts. Watkins, Access to Public Records Under the Arkansas Freedom ofInformation Act, 37 Ark. L. Rev. 741 at 789.
While neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal," the court in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989), did apply a three-part test in this regard. Quoting the Georgetown Law Journal, the court stated:
 `[P]ersonal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
The following specific information has been exempted from disclosure through judicial interpretation: personal histories; religious affiliations of employees, Church of Scientology v.Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United State Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance,648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisherv. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v.F.B.I., 460 F. Supp. 778, reversed on distinct grounds,602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family fights, alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health HumanServices, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance,648 F.2d 10 (D.C. Cir. 1980).
It appears, based upon Dr. Bernd's correspondence, that the records have been reviewed and a determination made regarding removal of particular information under the personnel records privacy exemption. The decision to delete social security numbers, marital status, family composition, and medical history is consistent with the FOIA. I lack sufficient information, not having reviewed the actual records, to determine whether additional deletions are warranted. The foregoing discussion should, however, provide guidance in making this case-by-case determination. It is my opinion, however, that the decision to release the records, with the stated deletions, is generally consistent with the FOIA.
It should be noted, finally, that the FOIA provides an exemption for "employee evaluations or job performance records." Section 25-19-105(c)(1) states that:
 . . . all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
Professor John J. Watkins in The Arkansas Freedom of InformationAct (1988) states as follows regarding this provision:
 Subsection (c)(1) does not expressly define `employee evaluation or job performance records,' though it does specifically include `preliminary notes and other materials' associated with the evaluation process. This explanatory language was intended to reach so-called `incident reports' routinely compiled by supervisors, who may use such documents detailing employee performance in preparing the formal evaluation. Thus, the intent of the provision seems to be exemption not only of the `end product' — i.e., the evaluation itself — but also other documents from which the evaluation report was prepared.
This office has previously stated, with regard to "job performance records," that such records detail the performance or lack of performance of an employee with regard to a specific incident or incidents. See Ops. Att'y Gen. 88-162, 92-207 and 93-055. Such records as a letter of recommendation of termination, letters of reprimand and other disciplinary records have been identified as job performance records. See Ops. Att'y Gen. 88-097, 91-303 and 91-324.
As noted above, the records identified in Dr. Bernd's correspondence as those the District intends to release do not appear to constitute employee evaluation or job performance records, nor have I been provided with separate information indicating that the School District in fact intends to release such records.
In conclusion, based upon the information provided, it is my opinion that the custodian's decision to release the records identified in the March 18, 1993 correspondence, with the noted deletions, is consistent with the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This review is limited, under § 25-19-105(c)(3), to personnel records and employee evaluation and job performance records. To the extent, therefore, that your request involves any other types of records, this opinion will not address any issues relevant thereto.
[2] The records identified are as follows:
 . . . transcripts, teaching certification, job application, military notices of deployment, military leave requests, 1991-92 teacher's contract, amendment to teaching contract, employee salary classification revision, record of available leave (sick, vacation, personal, etc.), statement of accumulated sick leave, Fort Worth's teacher service record, notice of required TB test, letter regarding NTE requirements, contract revision memorandum, salary revision letter, resume, application cover letter, provisional teaching certificate, employment memorandum, letter regarding contract terms, 1990-91 contract and employment eligibility verification form. . . .
[3] An exception might apply in the case of what he references as "transcripts." It must be noted in this regard that "scholastic records" are exempt from public disclosure in accordance with A.C.A. § 25-19-105(b)(2). The Arkansas Supreme Court in Arkansas Gazette Co. v. Southern State College,273 Ark. 248, 620 S.W.2d 258 (1981), app. dism'd, 455 U.S. 931
(1982), held that this exemption applies to "individual education or academic records." 273 Ark. at 250. See also Op. Att'y Gen. 92-025. This office has, consistent with this ruling, stated that grade transcripts are scholastic records but that lists of schools attended and degrees received are not. Op. Att'y Gen.87-108. Not having seen the actual records in question, I cannot make a conclusive determination concerning the referenced "transcripts." The exemption for scholastic records should, however, in my opinion be considered in this regard.
[4] There is no suggestion in Dr. Bernd's letter that employee evaluation or job performance records are included within those records he proposes to release. This decision is, in my opinion, consistent with the FOIA because as you have noted, there has been no final administrative resolution of the suspension proceeding. See A.C.A. § 25-19-105(c)(1), discussed infra.