Mr. Mac Bernd, Superintendent Little Rock School District 810 West Markham Street Little Rock, AR 72201
Dear Mr. Bernd:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your request is made pursuant to A.C.A. § 25-19-105(c)(3)(B), which authorizes the custodian, requester, or the subject of personnel or evaluation records to seek an opinion from the Attorney General stating whether the custodian's decision is consistent with the FOIA.
You state that a request has been made under the FOIA to inspect and copy certain documents and records contained in the personnel files of an associate superintendent and a principal of the Little Rock School District (the "District"). You indicate that of particular concern is the request for copies of any transcript(s) submitted with the applications for employment with the District or otherwise contained in the files of the subjects of the personnel records. You also indicate that the District does not intend to disclose the requested transcripts until an opinion has been issued under § 25-19-105(c)(3)(B). Your specific question is as follows:
 Whether the transcript of an employee of a public school district is exempt from disclosure under the Arkansas Freedom of Information Act as a "scholastic record," because disclosure would "constitute clearly unwarranted invasion of personal privacy," or on some other basis?
While I have not reviewed the actual records in question and a comprehensive response may depend upon what is contained in the referenced "transcripts," this office has previously opined that certain types of transcripts are scholastic records and therefore exempt under the FOIA.
With regard to this issue, reference should be made to Op. Att'y Gen. 93-076, a copy of which is attached, which was issued on March 25, 1993, and which addresses your question. It was noted in a footnote to that opinion that an exception to the disclosure requirement might be applicable for what was referenced in the request as "transcripts." See Op. Att'y Gen. 93-076, n. 2. Section 25-19-105(b)(2) of the FOIA exempts "scholastic records" from public disclosure. The Arkansas Supreme Court has held that this exemption applies to "individual education or academic records." Arkansas Gazette Co. v. Southern State College,273 Ark. 248, 250, 620 S.W.2d 258 (1981), app. dism'd, 455 U.S. 931
(1982). See also Op. Att'y Gen. 92-025. This office has, consistent with this ruling, stated that grade transcripts are scholastic records, but that lists of schools attended and degrees received are not. Op. Att'y Gen. 87-108.
Not having viewed the actual records in question, I lack sufficient information to determine whether the requested records fall within the § 25-19-105(b)(2) exemption for "scholastic records" such that they would be exempt from public disclosure under the Act. Thus, while I am unable to provide a definitive answer to your question, the foregoing discussion should provide guidance for the records custodian to make this case-by-case determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh