Ms. Debra Crossley 119 South Rice Little Rock, Arkansas 72205
Dear Ms. Crossley:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion as to whether the decision of the Department of Human Services ("DHS") regarding the release of your personnel file is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Supp. 1993). Enclosed with your request is a copy of a letter from Ms. Judy Besancon, Risk Management Director in the Office of Chief Counsel at DHS, to Mr. Maynard Kittrell in which it appears that Mr. Kittrell has requested to inspect your personnel file, "specifically to compare work experience and education for the position of Inventory Control Manager." In her letter, Ms. Besancon states that the opinion of DHS with regard to personnel files is that "such records are open to public inspection pursuant to the Arkansas Freedom of Information Act. . . ." She also indicates, however, that exemptions from the FOIA "include, but are not limited to, scholastic records" and "before release of a personnel file, all exempted areas under [the FOIA] will be sanitized from the file to protect the confidentiality issues." With respect to the release of your personnel file, you state that you question the motivation and need for the information requested and that while Mr. Kittrell may request specific documents and/or records, the release of your personnel file "in total is an invasion of [your] privacy as guaranteed by federal legislation." You also state that you request to review any documents and records in your personnel file prior to their release.
Under the FOIA, personnel records are exempt only to the extent their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. It was stated in Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992), that:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidate's lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The Court therefore found a substantial privacy interest in the records. The Court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young,
delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories, religious affiliations of employees, Church of Scientology v.Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. WashingtonPost Co., 456 U.S. 595 (1982); marital status, Simpson v.Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers,Swisher v. Department of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v.F.B.I., 460 F. Supp. 778, reversed on distinct grounds,602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department ofAgriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzon v. Department of Health HumanServices, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance,648 F.2d 10 (D.C. Cir. 1980).
Thus, the test to determine to what extent personnel records are exempt from the FOIA is an objective test which has been developed through case law. As this office has previously stated in Ops. Att'y Gen. 94-198, 94-178 and 93-055, the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See also Watkins, The ArkansasFreedom of Information Act (m m Press 2d ed. 1994) at 126. Consistent with the precepts set forth above, the appropriate procedure for the custodian of personnel records to follow is, therefore, to delete any exempt information and make the remainder of the records available for inspection and copying.
As to your specific personnel file, it is my opinion, in accord with the precepts noted above, that personnel records detailing your work experience are generally subject to public disclosure under the FOIA. As for records relating to your educational background, it should be noted that "scholastic records," whether or not contained in a personnel file, are exempt from disclosure by a specific provision of the FOIA. See A.C.A. §25-19-105(b)(2). The exemption for "scholastic records" has been interpreted as applying only to "individual education or academic records." Arkansas Gazette Co. v. Southern State College,273 Ark. 248, 250, 620 S.W.2d 258 (1981), app. dism'd, 455 U.S. 931
(1982). This office has stated previously that the exemption for "scholastic records" applies to grade transcripts (see Ops. Att'y Gen. No. 93-089, 93-076 and 90-295), but not to lists of schools attended or degrees received (as on a resume or application, for example). See Op. Att'y Gen. No. 87-108. As I have not been provided with the actual records that have been requested, I cannot make a conclusive determination as to whether records relating to your education would indeed constitute "scholastic records" for purposes of the FOIA. If DHS determines that they are "scholastic records," they would be correct in removing them prior to disclosure of your personnel file. As for whether any other particular information (in addition to information related to your work experience and educational background) contained in your personnel file should be deleted prior to its release, I cannot offer a response since, once again, I have not been provided with the actual records. The cases referenced above should, however, offer some guidance in determining the types of data which may be deleted from personnel records prior to their disclosure. As you have indicated your belief that Mr. Kittrell's motivation and need for the information requested is questionable, it should also be noted that this office has stated previously that "[t]he identity of the requester, or the purpose of the request, has little or no bearing on whether the information is disclosable." Op. Att'y Gen. No. 90-335. See also Op. Att'y Gen. No. 92-289. Additionally, as alluded to earlier, the fact that you may consider the release of your personnel records or particular information contained therein to be a "clearly unwarranted invasion of personal privacy" is irrelevant to DHS's decision with regard to what information should be deleted from the records prior to their release.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] In your correspondence, you state that the release of your personnel file "in total" would be an invasion of your privacy "as guaranteed by federal legislation." Although I am not entirely sure to what piece of federal legislation you are referring, it should be noted that the only provision of the federal Privacy Act, 5 U.S.C. § 552a, which applies to state and local agencies is the one prohibiting disclosure of social security numbers. Additionally, the "Family Educational Rights and Privacy Act of 1974" ("FERPA"), 20 U.S.C. § 1232g, commonly referred to as the "Buckley Amendment," would be inapplicable in this instance since it applies only to educational agencies and institutions.