The Honorable William "Bill" Walker, Jr. State Senator P.O. Box 1609 Little Rock, AR 72203
Dear Senator Walker:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), A.C.A. § 25-19-101 et seq. (Repl. 1992 and Supp. 1995). Your specific question is as follows:
 Is student directory information (name, address, telephone number, grade level) considered public information?
It must be initially recognized in addressing this question that the FOIA requires the disclosure of all nonexempt "public records." A.C.A. §25-19-105 (Supp. 1995). A public agency is not obligated, however, to create a new record by compiling or collecting information.
Assuming, therefore, that records containing this information are currently in existence, it must be concluded that such records are generally subject to inspection and copying under the FOIA.[1] Thus, the answer to your question is, in my opinion, "yes." There appears to be no exemption under the FOIA for such records. The "scholastic records" exemption (A.C.A. § 25-19-105(b)(2)) would presumably not apply to such records. See generally Ark. Gazette Co. v. Southern State College,273 Ark. 248, 250, 620 S.W.2d 258 (1981), app. dism'd. 455 U.S. 931 (1982) (limiting the "scholastic records" exemption to "individual education or academic records. . . ." See also Ops. Att'y Gen. 92-025 (concluding that the scholastic records exemption applies only to those records "which are of an educational or academic nature. . . ."), 90-295 (stating that while grade transcripts are exempt as "scholastic records," a listing of schools attended and degrees received is not, citing Op. 87-108), and 88-284 (applying scholastic records exemption to "records detailing the performance of an individual in an academic setting. . . .")
You have noted in your request that the so-called federal "Buckley Amendment"[2] provides for release of "directory information," but also requires that parents have an opportunity to request nondisclosure. See20 U.S.C. § 1232g(b)(1) and (a)(5)(A). Because there is no similar provision for nondisclosure of such records in the FOIA, a potential conflict exists between the Buckley Amendment and the FOIA. As noted in J. Watkins, The Arkansas Freedom of Information Act 152 (2nd ed. 1994), public educational institutions in Arkansas may find themselves in a "difficult position" with respect to some records that would be subject to disclosure under the FOIA irrespective of the Buckley Amendment. Professor Watkins notes that the Buckley Amendment "neither qualifies as an exemption under Section 25-19-105(a) of the FOIA nor supersedes the act under the supremacy clause." Id. at 150, citing Troutt Brothers,Inc. v. Emison, 311 Ark. 27, 841 S.W.2d 604 (1992) (holding that similar federal statutes pertaining to juvenile records do not exempt records from the FOIA.).[3] Thus, the fact that nondisclosure is required under the Buckley Amendment offers no defense for failing to comply with the FOIA. Yet failure to comply with the Buckley Amendment may jeopardize the availability of federal funds for the educational agency or institution.See 20 U.S.C. § 1232g(e) (stating that "[n]o funds shall be made available under any applicable program to any educational agency or institution unless such agency or institution informs the parents of students . . . of the rights accorded them by this section.")
To answer your question, therefore, "public records" (under the FOIA,see n. 1, supra) that contain information constituting "directory information" under the Buckley Amendment are generally subject to public inspection and copying under the FOIA, irrespective of the Buckley Amendment. The potential for a conflict in this regard between the FOIA and the Buckley Amendment is a matter properly addressed to the Arkansas General Assembly for correction or clarification.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This also assumes that your question pertains to records that are maintained by an entity subject to the FOIA. See A.C.A. § 25-19-103(1) (defining "public records.") Obviously, records that are maintained by a local school district would fall within the definition.
[2] The Family Educational Rights and Private Act of 1974, codified at20 U.S.C. 1232g.
[3] Previous Attorney General opinions take the view that the Buckley Amendment supersedes the Arkansas FOIA. See, e.g., Ops. Att'y Gen. 89-092
and 88-284. That position is no longer viable in light of Emison, supra.See The Arkansas Freedom of Information Act, supra at 153.