Ms. Lillian Porch UALR/UAMS Department of Audiology Speech Pathology 2801 South University Little Rock, AR 72204
Dear Ms. Porch:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Arkansas Freedom of Information Act (FOIA), concerning the review of records contained in your personnel file.
You indicate that you are currently a secretary at the University of Arkansas at Little Rock. You state that you requested permission to review your personnel file, and that you were informed that you would be supervised during your review of the file. You were also told that you would not be allowed to copy any record from your file. Finally, you were told that the names of university students who had filed complaints against you had been redacted from the records in the file.
You have presented the following questions:
 (1) Under the FOIA, do you have the right to inspect your personnel file, free of any supervision?
 (2) Under the FOIA, do you have the right to copy anything in your personnel file that is not a "clearly unwarranted invasion of personal privacy?"
 (3) Under the FOIA, do you have the right to take written notes as you inspect your personnel file?
 (4) Under the FOIA do you have the right to see all names in your personnel file, even the names of university students, if obtaining their names is not a "clearly unwarranted invasion of personal privacy?"
 (5) Under the FOIA, is everything in your personnel file considered a matter of public record unless such information is covered under a "clearly unwarranted invasion of personal privacy?"
 (6) Under the FOIA, is your personnel file as an office secretary to be considered as part of a university student's academic file, under which the university student's name would be exempt from the freedom of Information Act?
 (7) Does any pact or law supersede the FOIA with regard to students in a university setting?
 (8) If you feel the FOIA has been violated, where do you file a complaint?
RESPONSE
Question 1 — Under the FOIA, do you have the right to inspect yourpersonnel file, free of any supervision?
Under the FOIA, you have an unequivocal right to inspect your personnel file. A.C.A. § 25-19-105(c)(2). However, the FOIA does not address the question of whether you have to right to do so without supervision. The FOIA only states that access must be "reasonable," and that you must be given "reasonable comforts and facilities" in which to exercise your rights under the Act. A.C.A. § 25-19-105(d). Thus, the issue with regard to whether supervision is appropriate in any given situation is whether the supervision is "reasonable," and whether, in light of the supervision, the person reviewing the records has "reasonable comforts and facilities" in which to do so. These, of course, are factual questions that must be determined on a case-by-case basis.
I note that it is conceivable that the custodian of the records could have "reasonable" grounds upon which to base a supervision requirement, such as assuring the security of the files. In light of the fact that the language of the FOIA does not specifically restrict supervision, and in light of the FOIA's broad standard of reasonableness, it is likely that a court, when presented with any reasonable grounds, would uphold the supervision requirement, provided that the supervision did not otherwise interfere with your rights under the FOIA.
Question 2 — Under the FOIA, do you have the right to copy anything inyour personnel file that is not a "clearly unwarranted invasion ofpersonal privacy?"
Under the FOIA, you have the right to copy any records in your personnel file that constitute your own personnel records, without regard to the "clearly unwarranted invasion of personal privacy" standard. This standard has no applicability to your right to copy your own personnel records. Rather, it is applicable only to a determination of whether other people can obtain access to your personnel records, or to a determination of whether you can obtain access to other peoples' personnel records. In the unlikely scenario that your personnel file contained records that were not your personnel records, but were other peoples' personnel records, the standard would be applicable. Under that standard, you would be able to inspect and copy those records, unless your doing so would constitute a clearly unwarranted invasion of the privacy of the person whose records they are. I reiterate that it is unlikely that your personnel file would contain records that are other peoples' personnel records. I specifically note that complaints filed against you by students would not constitute those students' "personnel records."
The more likely scenario is that your personnel file contains only records that are your own personnel records or other records that pertain to you personally. Under the FOIA, you have the right to inspect and copy these records, without regard to the "clearly unwarranted invasion of personal privacy standard," even if other people may not do so. A.C.A. §25-19-105(c)(2).
My conclusion that you may copy the records in your file should not be construed to mean that some information may not properly be redacted from those records. See discussion under Question 4. I also note that copying of copyrighted materials may be restricted. See Watkins, The ArkansasFreedom of Information Act at 177-79 (3rd Ed. 1998). As a general matter, though, the FOIA clearly establishes the right to "inspect and copy" records that are available under the law. A.C.A. § 25-19-105(d).
Question 3 — Under the FOIA, do you have the right to take written notesas you inspect your personnel file?
Although the FOIA does not specifically address this issue, there is nothing in the FOIA that would prohibit you from taking written notes as you inspect your personnel file. I interpret the FOIA to allow the taking of written notes. I base this interpretation on the fact that because the FOIA broadly allows you to "copy" your file, but does not specify how that copying is to be done, it follows that such copying may entail the taking of written notes. See generally Watkins, The Arkansas Freedom ofInformation Act at 176-77 (3rd Ed. 1998).
Question 4 — Under the FOIA do you have the right to see all names inyour personnel file, even the names of university students, if obtainingtheir names is not a "clearly unwarranted invasion of personal privacy?"
The FOIA does not give you an absolute right to see all names that may appear in your personnel file. Whether you may see these names or the records on which they appear will depend upon the nature of the record on which they appear. If that record happens to fall within one the exemptions specifically listed in the FOIA [see A.C.A. § 25-19-105(b)], or within an exemption that is specifically created by another law, the records on which those names appear may be withheld from you. A.C.A. § 29-19-105(a). The "clearly unwarranted invasion of personal privacy" standard that is applicable to other peoples' personnel records (as discussed in response to Question 3) is only one of the possible exemptions. Thus, the determination can only be made on a case-by-case basis, and will turn on an examination and evaluation of the particular records in question.
You specifically inquired about your right to see the names of students who filed complaints against you. This question may be affected by federal law. Under the Federal Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA), an educational institution can lose its federal funding if it discloses "education records" or "personally identifiable information contained therein" without the written consent of the student. 20 U.S.C. § 1232g(b)(1). The term "education records" is defined broadly in the FERPA as "records, files, documents and other materials which . . . contain information directly related to a student. . . ." 20 U.S.C. § 1232g(a)(4)(A). This definition may be broad enough to encompass the student complaints about which you have inquired. Therefore, even if these complaint records are not exempt from disclosure under the FOIA, they may be covered by the FERPA, in which case the university could risk losing its federal funding if it discloses the names that appear in the records. This consideration will undoubtedly affect the university's decision to redact the students' names from these records before you review them.
Question 5 — Under the FOIA, is everything in your personnel fileconsidered a matter of public record unless such information is coveredunder a "clearly unwarranted invasion of personal privacy?"
Under the FOIA, the records in your personnel file are generally considered to constitute "public records" within the meaning of the FOIA. See A.C.A. § 25-19-103(1). However, some of the records may fall within an exemption from disclosure. The exemption may be one created by the FOIA, such as the exemption for certain personnel records, which are governed by the "clearly unwarranted invasion of personal privacy" standard to which you referred in your question, or the exemption for employee evaluation and job performance records, which are governed by a different standard of disclosure. Other exemptions from disclosure may be created by other laws.
I reiterate that you have a general right to review your own personnel and evaluation records, regardless of any exemptions from disclosure that may apply to them.
Question 6 — Under the FOIA, is your personnel file as an officesecretary to be considered as part of a university student's academicfile, under which the university student's name would be exempt from theFreedom of Information Act?
You appear to be asking whether any of the records contained in your personnel file could constitute "scholastic records" (which are exempt from disclosure under the FOIA), because they contain students' names. Because you have specifically referred in your correspondence to complaints filed by students, I presume that this is the type of record to which you are referring in this question. It is my opinion that these complaint records do not constitute "scholastic records" within the meaning of the FOIA, and are therefore not exempt from disclosure under the FOIA. The Arkansas Supreme Court has interpreted the term "scholastic records" to apply only to "individual education or academic records." SeeArkansas Gazette Co. v. Southern State College, 273 Ark. 248,620 S.W.2d 528 (1981), app. dism'd, 455 U.S. 931 (1982). Consistent with the court's definition, the Attorney General has interpreted the term to apply to records "detailing the performance of an individual in an academic setting." See Op. Att'y Gen. No. 88-284. See also Op. Att'y Gen. Nos.98-281; 98-202. The complaint records to which you have referred do not fit this description, and therefore do not, in my opinion, constitute "scholastic records" that would be exempt from disclosure under the FOIA. I must note, however, that as discussed in response to Question 4, the disclosure of the names that appear in these complaint records may nevertheless be governed by the FERPA, which covers a wider range of records than does the "scholastic records" exemption under the FOIA. For this reason, the university may be redacting those names in order to be in compliance with the FERPA, rather than risk losing its federal funding.
Question 7 — Does any pact or law supersede the FOIA with regard tostudents in a university setting?
I am not aware of any law that supersedes the FOIA with regard to students in a university setting. As discussed previously, however, federal law may apply to the same records that are covered by the FOIA, such as the complaint records to which you have referred. As indicated, although these records may be disclosable under the FOIA, the disclosure of the names contained in the records may expose the university to the risk of losing its federal funding under the FERPA. I must point out that the FERPA does not actually supersede the FOIA, because it does not prohibit the disclosure of these records. It simply provides for the loss of funding in the event of disclosure. See, e.g., Troutt Bros. v.Emison, 311 Ark. 27, 841 S.W.2d 604 (1992); Ops. Att'y Gen. Nos. 98-001; 97-298; 96-044.
Question 8 — If you feel the FOIA has been violated, where do you file acomplaint?
Complaints alleging violations of the FOIA are filed in circuit court. More specifically, the FOIA states:
 (a) Any citizen denied the rights granted to him by this chapter may appeal immediately from the denial to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party, if an agency of the state is involved, or to any of the circuit courts of the appropriate judicial districts when an agency of a county, municipality, township, or school district, or a private organization supported by or expending public funds, is involved.
A.C.A. § 25-19-107(a).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh