The Honorable Mike Ross State Senator P.O. Box 374 Prescott, AR 71657-0374
Dear Senator Ross:
You have requested an Attorney General opinion in response to the following questions:
 (1) Is the Freedom of Information Act applicable to a community water association that is funded by the Arkansas Soil and Water Conservation Commission and the Farmers Home Administration?
 (2) Is a Board of Directors of a rural water association authorized to conduct a private meeting when no members of the water association are notified? If not, is any action taken at this private meeting of the Board legally binding?
 (3) Does the board have to notify association members when such members have verbally and in writing requested to be notified of any special or emergency meetings of the board?
 (4) Do association members have the authority to request copies of the minutes from previous meetings before they can be approved by the board at the next scheduled monthly meeting? If so, and if the board meets without the minutes being distributed as requested, does the board have the authority to approve such minutes from the previous meeting? If a request is made for the minutes, how many days is the board allowed to provide for such distribution?
 (5) Does the board, or do any members of the board, have the authority to reprimand an employee of the association in an open meeting? Does an accusation of mismanagement of association funds by an association employee have to be made in executive session or can it be made in an open public meeting?
 (6) If there is a violation of the Freedom of Information Act, what remedies are available to see that the Act is complied with?
RESPONSE
Question 1 — Is the Freedom of Information Act applicable to a communitywater association that is funded by the Arkansas Soil and WaterConservation Commission and the Farmers Home Administration?
It is my opinion that although a response to this question will ultimately require a determination of certain facts, a community water association that is funded by the Arkansas Soil and Water Conservation Commission and the Farmers Home Administration is subject to the Arkansas Freedom of Information Act if it continues to use the public funds that it has received, and if it serves a public function normally served by the government.
The Arkansas Supreme Court has held that the requirements of the Freedom of Information Act apply to private non-profit entities that receive public funds and that perform functions normally performed by the government. For example, in Rehab Hosp. Serv. v. Delta-Hills Health Sys.Inc., 285 Ark. 397, 687 S.W.2d 840 (1985), the court applied the Freedom of Information Act to an organization that was incorporated as a non-profit regional health planning corporation, because the organization was funded primarily by federal funds and served a public function.Accord, Ark. Gazette Co. v. Southern State College, 273 Ark. 248,620 S.W.2d 258 (1981); N. Cent. Ass'n Of Colleges v. Troutt Brothers,261 Ark. 378, 548 S.W.2d 825 (1977).
With regard to water associations specifically, I have previously opined that if the facts show that the water association has received and is continuing to utilize public funds, and that it serves a function normally served by government, the Freedom of Information Act should apply to that water association. See Op. Att'y Gen. No. 99-090. Accord,
Ops. Att'y Gen. Nos. 94-001; 92-205 (both of these opinions were issued by my predecessor in office and are consistent with my Opinion No. 99-090). As I indicated in my previous opinion, these issues are ultimately questions of fact. I note that each of the above-cited opinions has cited to a Washington County Circuit Court decision, Sitton v. Gayer, Myers,Gregg, Harp and the White River Rural Water Association (No. CIV 92-411, Washington County Circuit Court, June 1, 1992). The circuit judge in that case specifically held that the White River Rural Water Association, which received a $100,000 grant in 1975, was in receipt of and was expending direct public funds for the operation of its business. The court also found that by providing water to its nineteen hundred members, the association was performing a function normally provided by governmental entities. The court held the Association was therefore subject to the provisions of the FOIA.
The Washington County decision, of course, having not been appealed, does not stand as statewide precedent. In addition, the facts regarding the water association about which you have inquired may be distinct from those presented to the Washington County Circuit Court. Nevertheless, this decision does indicate the possibility that a water association can be found factually to be subject to the Freedom of Information Act, upon the basis of its particular receipt and use of public funds and upon the basis of its particular functions.
I therefore conclude that if, as a factual matter, the water association about which you have inquired continues to utilize the public funds that it has received, and if it serves a public function by providing water to its members, it is subject to the Freedom of Information Act.
Question 2 — Is a Board of Directors of a rural water associationauthorized to conduct a private meeting when no members of the waterassociation are notified? If not, is any action taken at this privatemeeting of the Board legally binding?
If the water association to which your question refers is, as a factual matter, subject to the Freedom of Information Act, as discussed in response to Question 1, the Board of Directors may not conduct a private meeting without giving the notice required by the Act.
The notice requirement of the Freedom of Information Act for regular meetings states:
 (b)(1) The time and place of each regular meeting shall be furnished to anyone who requests the information.
A.C.A. § 25-19-106(b)(1) (emphasis added).
The notice requirement for special meetings states:
 (2) In the event of emergency or special meetings, the person calling the meeting shall notify the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held, and any news media located elsewhere which cover regular meetings of the governing body, and which have requested to be so notified of emergency or special meetings, of the time, place, and date of the meeting. Notification shall be made at least two (2) hours before the meeting takes place in order that the public shall have representatives at the meeting.
A.C.A. § 25-19-106(b)(2).
Finally, (assuming that the water association in question is factually subject to the Freedom of Information Act), the board may not meet in private (i.e., in "executive session") unless such session is for one of the purposes provided in the Freedom of Information Act. (Even if that if the case, the board must give the notice that is required by the Act.) The Act allows executive sessions only for limited purposes, as follows:
 Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.
A.C.A. § 25-19-106(c)(1).
If the board does not meet for one of these specific purposes, it may not meet in private. [It should be noted that even if the board does meet in private for a permissible purpose, it must ratify any action taken during the executive session in public. A.C.A. § 25-29-106(c)(4).]
Assuming again that the water association in question is subject to the Freedom of Information Act, interested citizens can challenge actions that were taken at an unauthorized private meeting. Although the Act does not specifically address such a situation, the Arkansas Supreme Court held in Rehab Hosp. Serv. v. Delta-Hills Health Sys. Inc., 285 Ark. 397,687 S.W.2d 840 (1985), that citizens may petition the court for a declaratory judgment that the actions taken at a meeting held in violation of the Act are invalid. In order to do so, however, the citizens must first exhaust their administrative remedies by allowing the board an opportunity to hold the meeting properly.
Question 3 — Does the board have to notify association members when suchmembers have verbally and in writing requested to be notified of anyspecial or emergency meetings of the board?
Yes. See response to Question 2. Accord, Op. Att'y Gen. No. 98-033.
Question 4 — Do association members have the authority to request copiesof the minutes from previous meetings before they can be approved by theboard at the next scheduled monthly meeting? If so, and if the boardmeets without the minutes being distributed as requested, does the boardhave the authority to approve such minutes from the previous meeting? Ifa request is made for the minutes, how many days is the board allowed toprovide for such distribution?
Assuming that the water association in question is subject to the Freedom of Information Act, any Arkansas citizen (including its members) clearly can request copies of minutes. If such a request is presented to the association, the Act appears to contemplate that the minutes be made available for inspection and copying immediately, unless they are in active use or storage. See A.C.A. § 25-19-105(e); Op. Att'y Gen. No.98-223.[1] Of course, circumstances could oblige the requestor to allow the association a longer period of time within which to respond to the request. In any event, the association must respond within a reasonable time. Id.
The issue of whether approval of the minutes can take place without their having been distributed to the members is an issue that is not governed by state law. Rather, this issue will be governed by the by-laws and internal regulations and operating procedures of the water association. I therefore cannot opine in response to these questions to the extent that they inquire about this issue.
Question 5 — Does the board, or do any members of the board, have theauthority to reprimand an employee of the association in an open meeting?Does an accusation of mismanagement of association funds by anassociation employee have to be made in executive session or can it bemade in an open public meeting?
It is my opinion that the subjects you have referenced in this question can be addressed in a public meeting. Although they appear to be matters that could be discussed in executive session, executive sessions are permissive and not mandatory. Again, the Freedom of Information Act states the following requirement regarding executive sessions:
 Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.
A.C.A. § 25-19-106(c)(1) (emphasis added).
That is, the board has the discretion to choose whether or not to meet in executive session to discuss matters that are appropriate for executive sessions. The board is not required to discuss such matters in executive session. See also Op. 91-323.
Question 6 — If there is a violation of the Freedom of Information Act,what remedies are available to see that the Act is complied with?
Certain remedies are available to persons who are injured by a violation of the Freedom of Information Act.
The Act provides for both criminal and civil penalties for violation of the Act. A.C.A. § 15-19-104 states:
 Any person who negligently violates any of the provisions of this chapter shall be guilty of a misdemeanor and shall be punished by a fine of not more than two hundred dollars ($200) or thirty (30) days in jail, or both, or a sentence of appropriate public service or education, or both.
A.C.A. § 25-19-107.
In addition, A.C.A. § 25-19-107 states:
 (a) Any citizen denied the rights granted to him by this chapter may appeal immediately from the denial to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party, if an agency of the state is involved, or to any of the circuit courts of the appropriate judicial districts when an agency of a county, municipality, township, or school district, or a private organization supported by or expending public funds, is involved.
 (b) Upon written application of the person denied the rights provided for in this chapter, or any interested party, it shall be mandatory upon the circuit court having jurisdiction to fix and assess a day the petition is to be heard within seven (7) days of the date of the application of the petitioner, and to hear and determine the case.
 (c) Those who refuse to comply with the orders of the court shall be found guilty of contempt of court.
 (d) In any action to enforce the rights granted by this chapter, or in any appeal therefrom, the court shall assess against the defendant reasonable attorney fees and other litigation expenses reasonably incurred by a plaintiff who has substantially prevailed unless the court finds that the position of the defendant was substantially justified or that other circumstances make an award of these expenses unjust. However, no expenses shall be assessed against the State of Arkansas or any of its agencies or departments. If the defendant has substantially prevailed in the action, the court may assess expenses against the plaintiff only upon a finding that the action was initiated primarily for frivolous or dilatory purposes.
A.C.A. § 25-19-107.
Thus, under the above-quoted sections of the Act, both civil and criminal penalties can be imposed for a violation of the Act.
It should be noted that although A.C.A. § 25-19-105(a), above, makes reference to filing a petition with the court "immediately" after a denial of rights under the Act, the Arkansas Supreme Court has indicated that (as discussed in response to Question 2, above) in some instances, the aggrieved citizens should exhaust their administrative remedies prior to approaching the court. See Rehab Hosp. Serv. v. Delta-Hills HealthSys. Inc., 285 Ark. 397, 687 S.W.2d 840 (1985).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] If the requested records are in active use or storage, the custodian of the records must set a time within three working days to make the records available for inspection and copying. A.C.A. § 15-19-105(e).