The Honorable Randy Laverty State Senator Post Office Box 303 Jasper, Arkansas 72641-0303
Dear Senator Laverty:
You have asked for my opinion about whether the North Arkansas College Foundation, Inc. is subject to the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101 to 25-19-110. You provide the following background for your request:
 North Arkansas College Foundation, Inc., is a 501(c)(3) nonprofit corporation. The Foundation receives no public funds and does not spend public funds. Although the foundation receives some support services from North Arkansas College, it pays the College a management fee that is reviewed and approved annually by state auditors. The [Foundation] has a 16-member board (15 regular members selected from the community at large and one liaison from the college's board of trustees) that only meets quarterly.
You indicate that the Foundation's activities include providing scholarships to students at the college, funding lectureships, and endowed chairs.
With this background in mind, you ask whether the FOIA "applies to the Foundation?"
RESPONSE
Before any private organization can be subject to the FOIA, that organization must be directly supported by public funds, for the reasons explained below. From the *Page 2 
facts available to me — which are reproduced above — it appears that the Foundation is not directly supported by public funds. Thus, without such funding, and given the current case law from the Arkansas Supreme Court, a court faced with your question would likely hold that the Foundation is not subject to the FOIA. I must emphasize that this analysis is based on the facts you provided. Since I am not a fact finder when issuing opinions, my determination about whether the Foundation is directly supported by public funds cannot be definitive. A proper fact finder, such as a court, might very well be presented with facts indicating that the Foundation is directly supported by public funds. I simply have not been presented with any such facts
As noted above, before a private organization can be subject to the FOIA, a few facts must be established. Private organizations are subject to the FOIA only if (1) they are "wholly or partially supported by" public funds, and (2) their activities are intertwined with government.[1] Given that the threshold element does not appear to be met, it is unnecessary to assess the second element.
Before a private entity is subject to the FOIA, it must be, in the words of the FOIA, "wholly or partially supported by public funds or expending public funds."[2] In Sebastian County Chapter of AmericanRed Cross v. Weatherford, [3] the Arkansas Supreme Court defined the FOIA's use of "public funds" to mean "[m]oneys belonging to government, or any department of it, in hands of public officials."[4] This money can originate from the federal, [5] state, [6] or local levels.[7] *Page 3 
In addition, as the Weatherford court made clear, the "support" received must be "direct." In Weatherford, a local Red Cross chapter entered into a lease agreement with a city. The agreement permitted the chapter to, among other things, lease certain land for 30 years at $1 per year. All parties stipulated, and the circuit court found, that the property's fair-market rental-value was greater than $1 per year. Consequently, the circuit court held that the chapter was partially supported by public funds. But the Arkansas Supreme Court disagreed. It held that the lease agreement was merely an indirect benefit, which did not trigger the FOIA.[8]
In your background facts, you indicate that the Foundation "receives no public funds and does not spend public funds." Instead, the Foundation has some kind of contractual agreement with the College by which the former rents space and receives what you call "support services." While you do not elaborate on the nature and extent of these "services," it seems that the scenario you describe is closely akin to the scenario addressed in Weatherford. To the extent that the Foundation receives any financial "support" from the College, the support appears to be merely indirect. And because the Arkansas Supreme Court has indicated that indirect support is not sufficient to trigger the funding element, a court faced with your question would likely hold — given the facts you have provided — that the Foundation is not subject to the FOIA.
As I noted above, there are two elements that must be met before a private organization is subject to the FOIA. Because the facts you provided indicate that the threshold element of public funding is not met, it is unnecessary for me to apply the second element to your scenario.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] City of Fayetteville v. Edmark,304 Ark. 179, 801 S.W.2d 275 (1990); e.g., Op. Att'y Gen. Nos. 2008-154, 96-287; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, § 2.03 (5th ed., m m Press 2009).
[2] A.C.A. § 25-19-103(5)(A).
[3] 311 Ark. 656, 846 S.W.2d 641 (1993).
[4] Id. at 659, 846 S.W.2d at 644
(citing Black's Law Dictionary 6th ed. (1990)).
[5] Rehab Hosp. Servs. Corp. v. Delta-Hills Health Sys. Agency,Inc., 285 Ark. 397, 687 S.W.2d 840 (1985); Op. Att'y Gen. 95-273.
[6] Arkansas Gazette Co. v. Southern State College,273 Ark. 248, 620 S.W.2d 258 (1981); Op. Att'y Gen. 95-128.
[7] Edmark, supra note 1; Op. Att'y Gen. 96-290.
[8] Weatherford, 311 Ark. at 659, 846 S.W.2d at 644.