NORTH CENTRAL ASSOCIATION OF COLLEGES AND SCHOOLS et al *v.* TROUTT BROTHERS, Inc., d/b/a The JONESBORO SUN and Michael R. OVERALL

76-365                                        548 S.W. 2d 825

Opinion delivered April 4, 1977
(In Banc)

*Cearley, Gitchel, Bogard & Mitchell,* for appellants.

*Penix, Zolper & Mixon,* for appellees.

FRANK HOLT, Justice. This appeal involves the scope of our Freedom of Information Act. Ark. Stat. Ann. §§ 12-2801 — 12-2807 (Repl. 1968). Appellants are the North Central Association of Colleges and Schools (NCA), the Arkansas State Committee and its individual members. The State Committee, following its investigation, held a meeting with the board members of Jonesboro School District No. 1 regarding the possibility of loss of the accreditation of Jonesboro High School. Appellee Michael R. Overall, a reporter for the appellee newspaper, attempted to attend the meeting but was excluded. The appellees filed suit against appellants[1] alleging violation of the Freedom of Information Act. Appellants filed a motion to quash alleging that the NCA and its state committee were not subject to the provisions of the Act. The trial court overruled the motion to quash and entered judgment for appellees, specifically finding that appellants are supported by and expend public funds and are, therefore, subject to the Act with respect to "any meeting of such defendants [appellants] concerning in any manner the Jonesboro School District and must allow the news media to attend such meeting." For reversal appellants assert that "the trial court erred in overruling appellant's motion to quash and in entering judgment against appellants because the Freedom of Information Act does not apply to private corporations."

The NCA is a voluntary association of colleges and secondary schools with over 5,000 members in 19 states and is registered in Arkansas. Its dedicated purpose is to achieve and maintain high educational standards. By accreditation, a school is recognized as having met the policies and educational standards set by the NCA. Annual dues for its member schools (200 in Arkansas) range from $75 to $125. The membership of the Arkansas State Committee is composed of individual educators who serve voluntarily and without compensation. The State Committee collects data on Arkansas schools and makes recommendations to the NCA

[1]The Jonesboro School District was made a defendant; however, it does not appeal.

as to membership, accreditation or loss of accreditation. In the case at bar, the meeting between the State Committee and Jonesboro School Board members was for the purpose of resolving certain problems faced by the school (a member of the Association) which possibly could result in a loss of its accreditation. Appellants argue that since NCA is a private, nonprofit corporation, not authorized or created by state statute, and with no official status in the state, the Freedom of Information Act does not apply. We cannot agree.

§ 12-2803 provides:

'Public meetings' are the meetings of any bureau, commission or agency of the state, or any political subdivision of the state, including municipalities and counties, Boards of Education, and all other boards, bureaus, commissions or organizations in the State of Arkansas, except Grand Juries, supported wholly or in part by public funds, or expending public funds.

§ 12-2805 provides:

Except as otherwise specifically provided by law, all meetings formal or informal special or regular, of the governing bodies of all municipalities, counties, townships, and school districts, and all boards, bureaus, commissions, or organizations of the State of Arkansas, except Grand Juries, supported wholly or in part by public funds, or expending public funds, shall be public meetings.

§ 12-2806 provides, in pertinent part, that any party aggrieved by denial of the rights granted by the Freedom of Information Act has the right of appeal "when an agency of a county, municipality, township or school district, or a private organization supported by or expending public funds is involved."

It is well settled that the Freedom of Information Act was enacted wholly in the public interest and is to be liberally interpreted to achieve its purposes. *Arkansas Gazette Co.* v. *Pickens*, 258 Ark. 69, 522 S.W. 2d 350 (1975); and *Laman* v. *McCord*, 245 Ark. 401, 432 S.W. 2d 753 (1968). Here it is true

that the NCA is a private, nonprofit organization. Further, all ten members of the State Committee of the NCA are educators serving voluntarily and without compensation. However, the chairman of the State Committee is an employee of the Arkansas Department of Education who uses his state owned office in performing his duties for the NCA. His office secretary works for and is paid by the state. She, also, performs certain functions for the NCA for which the State Committee pays her. Over 90% of the money contributed by Arkansas Schools is public money. Dues paid by the member schools in Arkansas support the NCA's functions. The State Committee receives operating funds from the NCA (Commission on Schools). The State Committee makes recommendations to the parent organization if a school should be accredited and, also, if a member should suffer a loss of accreditation. Acceptance by a member school of a student's credits from another school is influenced by whether that school is a member of the NCA. Obviously, the NCA's policies and decisions, which are most laudable, have a great impact upon students and parents and are a matter of great public concern.

In summary, the NCA affects public schools in Arkansas to the extent of the standards required for accreditation and its continuance. The State Committee is composed of public servants with its official situs and operation in a public owned institution. The NCA and its Arkansas State Committee are supported wholly or in part by public funds. In the circumstances, we are of the view, as indicated, that the Freedom of Information Act is applicable. If the legislature had intended otherwise, it could have easily made an exception.

Affirmed.