The Honorable Ron Fuller State Representative 18 Corporate Hill, Suite 201 Little Rock, Arkansas 72205
Dear Representative Fuller:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA)" which is codified as Ark. Stat. Ann. 12-2801 et seq. (Repl. 1979, Cum Supp. 1985 and Acts of 1987). You have asked, specifically, whether records, financial or otherwise, of the Razorback Scholarship Fund, Inc. ("Fund") are subject to the Freedom of Information Act. You have also asked whether other foundations similarly situated are subject to the Act.
After reviewing material supplied to me by the Razorback Scholarship Fund, Inc., I believe that the records of the organization created prior to January 12, 1988, would be subject to the various provisions of the FOIA. [Information supplied on January 12, 1988, indicates that the Fund no longer relies on public facilities, personnel or equipment to accomplish its goals. Therefore, records created after this change in operation would not be subject to the Freedom of Information Act.] I also believe that similarly situated private organizations would be subject to the Act.
Ark. Stat. Ann. 12-2803 (Cum. Supp. 1985) defines public records and public meetings as follows:
 "Public records" are writings, recorded sounds, films, tapes, or data compilations in any form (a) required by law to be kept, or (b) otherwise kept and which constitute a record of the performance of official functions which are or should be carried out by a public official or employee, or a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds.
 . . . "Public meetings" are the meetings of any bureau, commission, or agency of the State, or any political subdivision of the State, including municipalities and counties, boards of education and all other boards, bureaus, commissions or organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds, or expending public funds.
As the language of the above indicates, the Act is designed primarily to apply to governmental entities. However, any non-governmental organization in the State may find itself subject to the Act by accepting or expending public funds. The question before us turns on the issue of support by public funds.
The Razorback Scholarship Fund, Inc. is a non-profit corporation that receives no direct funding from the University of Arkansas or any other governmental entity. However, the Fund does receive some indirect support from the University through the use of Athletic Department personnel, equipment, and facilities.
According to information supplied by the Fund, the University supplies staff support, access to a Watts telephone line, use of the Department's computer and other equipment. The Fund reimburses the University for the above services in the amount of $4,000.00 monthly.
The Arkansas Supreme Court has recognized this type of indirect funding as being a circumstance that could trigger the provisions of the FOIA, even if the entity in question is a non-profit one. In North Central Ass'n. of Colleges v. Troutt Bros., 261 Ark. 378,548 S.W.2d 825 (1977), the Court noted the non-profit status of the North Central Association of Colleges and Schools ("Association" or "NCA"), and that the Association's board members were public educators who served without compensation. However, the Court also found that the chairman of the NCA committee in question used his state office to perform NCA duties and that the chairman's secretary also performed NCA functions while at her state job. It is also important to note that the Court was persuaded in part by the fact that the policies of the NCA greatly impacted public schools. The Court held that the records and meetings of the NCA were subject to public scrutiny. The circumstances presented to the court in 1977 are not identical to those involved in your request. The NCA was 90% funded with dues paid by public schools; the Razorback Scholarship Fund receives no direct public funds. The NCA was a regulatory body determining the accreditation status of public schools and therefore influenced public policy; the Fund has no such regulatory power.
However, there are several factual similarities. Razorback Scholarship Fund tasks are performed by public employees using state equipment in state facilities just as was the case in 1977. While the Fund has no regulatory function, its policies do impact upon the University Athletic Department since the Fund supplements the Department's budget.
It is true that the Razorback Scholarship Fund reimburses the University for services rendered by the Athletic Department. However, I do not believe that this fact can serve to overcome the mandate of the Arkansas Supreme Court to interpret the Freedom of Information Act liberally. Laman v. McCord, 245 Ark. 401,432 S.W.2d 753 (1968). The Arkansas Supreme Court has indicated that the public has a legitimate interest in knowing whether public employees are performing tasks other than those mandated by their employers and what those tasks are.
It is therefore my opinion, that records of the Razorback Scholarship Fund, subject to the stipulation above, are subject to the provisions of the Arkansas Freedom of Information Act.