The Honorable John Bynum Prosecuting Attorney 110 S. Fulton Street Clarksville, AR 72830
Dear Mr. Bynum:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992).
You state that local water users associations have recently challenged the rates charged to them by the City of Clarksville for water treatment services. The trial court determined that the rates had been properly calculated; however, the associations have appealed that decision. You state further that the water users associations are non-profit organizations, and that their members pay a one-time refundable meter fee along with their water bills. You state that the associations have reported to you that they receive no local, state or federal funds, but that they have received some loans from the Farmers Home Administration and from the Soil and Water Conservation Agency. The associations have further advised you that they are not regulated by the Public Service Commission. In addition, in a letter attached to your request, an attorney for one of the associations notes that at least one of the associations in Johnson County has received loans and grants from the federal government for its start-up operations. The letter also states that the purpose of the association is to construct and maintain a rural water system. You have requested that I render an opinion as to whether such water users associations are subject to the FOIA.
In my opinion, those water users associations which are supported in part by public funds and which are performing functions normally served by governmental entities are subject to the FOIA.
The pertinent inquiry under the FOIA is whether the agency or organization in question is "wholly or partially supported by public funds or expending public funds" within the meaning of the act. A.C.A. §§ 25-19-103(1), -103(2), and -106(a). Section25-19-102, the policy statement of the FOIA, indicates that "public business" should be performed in an open and public manner so that electors are advised of the performance of public officials and of decisions reached in "public activity and in making public policy." The General Assembly has thus indicated its intent that the act apply to public or governmental activity. The language "supported wholly or in part" by public funds (A.C.A. §§ 25-19-103(1), -103(2), and -106(a)), however, reveals that private entities can be subject to the FOIA as well. Seealso North Central Association of Colleges Schools v. TrouttBrothers, Inc., 261 Ark. 378, 548 S.W.2d 825 (1977), andArkansas Gazette Co. v. Southern State College, 273 Ark. 248,620 S.W.2d 258 (1981). "When the state or one of its political subdivisions attempts to conduct its affairs through private entities, those entities are for all practical purposes the government itself, and the FOIA should apply." Watkins, TheArkansas Freedom of Information Act 30 (1988). This office has also stated that where a private entity receives public funds, directly or indirectly, and enjoys a "symbiotic relationship" with the state, the FOIA will apply. See Ops. Att'y Gen.87-448, 87-378, and 83-163. Opinion 83-163 noted that "when the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes." It is uncertain just how "intertwined" the private entity must be with the government before the FOIA will be deemed applicable. In Rehab. HospitalServices Corp. v. Delta-Hills Health Systems Agency, Inc.,285 Ark. 397, 687 S.W.2d 840 (1985), the private body was intimately involved in the process by which the public agency decided to award a certificate of need to a hospital. This relationship apparently constituted the sort of "intertwined" involvement needed to bring it under the auspices of the FOIA.
A similar issue was addressed recently in Sitton v. Gayer,Myers, Gregg, Harp and the White River Rural Water Association,
(No. CIV 92-411, Washington County Circuit Court, June 1, 1992). The circuit judge in that case specifically held that the White River Rural Water Association, which received a $100,000 grant in 1975, was in receipt of and was expending direct "public funds" for the operation of its business. Additionally, the association received indirect public support by way of exemption from ad valorem taxation of its real and personal property. The court also found that by providing water to its 1,900 members, the association was performing a function normally provided by governmental entities. The court held that the association was therefore subject to the provisions of the FOIA. See paragraphs 2-4 of the Order of the Court (copy enclosed). To our knowledge, this decision has not been appealed.
The circumstances presented to the Washington County court are not identical to those involved in your request and I do not know how factually similar that case and yours are. Although this case is not controlling in Johnson County, the court's reasoning is persuasive and I believe the ruling would, in all likelihood, be echoed with respect to similar water users associations. It is my opinion that the records of water users associations that are supported in part by public funding and performing functions normally served by governmental entities are subject to the provisions of the FOIA. A conclusive determination with regard to any particular association would, however, require a factual determination. The question will, therefore, ultimately have to be decided by a court of competent jurisdiction.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
Enclosure