The Honorable Ted E. Mullenix State Representative 140 Riverside Drive Hot Springs, AR 71913
Dear Representative Mullenix:
This is in response to your request for a follow-up opinion to Op. Att'y Gen. 93-092, which was issued to you on April 8, 1993. That opinion concluded that the Hot Springs Village Property Owners' Association may fall within the provisions of the Arkansas Freedom of Information Act (the "FOIA", which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992)) if it is supported in part by public funds and performs functions normally served by governmental entities. You have now requested an opinion as to what types of activities or functions constitute those that are normally served by governmental entities.
In my opinion, whether an activity is one normally served by a governmental entity is a question of fact.
As noted in Opinion 93-092, the FOIA applies to all governmental entities, and it also applies to nongovernmental, or private, entities that are "wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103. The mere receipt of some public funding, however, is not sufficient to bring a private organization within the act; rather, the question is whether the private entity carries on "public business" or is otherwise intertwined with the activities of government. City ofFayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990).
The court in Edmark, in considering whether the retainer of private attorneys by a city was enough to bring the attorneys within the provisions of the FOIA, noted that "[t]he specially retained attorneys were the functional equivalent of the regular city attorney." 304 Ark. at 186.
 When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself. It should not matter whether the activity is `proprietary' or `governmental' in nature, for in either case the government is involved in the `public business'.
Edmark, 304 Ark. at 187, citing J. Watkins, Access to PublicRecords under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984).
However, as noted by Professor Watkins in The Arkansas Freedomof Information Act (m m Press 1988) at 31:
 Stating this `public business' concept is much easier than applying it. For example, it is uncertain just how `intertwined' the private entity must be with the government before the FOIA will be deemed applicable. In . . . [Rehab. Hospital Services Corp. v. Delta-Hills Health Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840 (1985)] . . ., the private body was intimately involved in the process by which the Arkansas Health Planning and Development Agency decided to award a certificate of need to a hospital. This relationship apparently constitutes the sort of involvement [required.]
* * *
 The FOIA itself does not establish such a dichotomy [of proprietary or governmental activity]; along with `public business,' the act mentions `official functions,' a term which is broad enough to include both proprietary and governmental activities. Further, . . . [North Central Association of Colleges Schools v. Troutt Brothers, Inc., 261 Ark. 378, 548 S.W.2d 825 (1977)] . . . asks whether the private entity is involved in a matter of public concern, not whether the particular activity is `governmental' in nature. . . .
 An alternative approach would be to inquire whether a public agency has sought the assistance of the private organization to perform regarding a task that the agency itself could have performed. For example, in the Delta-Hills case [supra], the private corporation participated in the decision to issue a certificate of need to a hospital. Similarly, when a county official hires a certified public accountant to conduct an audit of a county department instead of using public employees for that purpose, the CPA's records relevant to that task should be obtainable under the FOIA.
It is clear that the courts have dealt with the issue of whether a particular activity qualifies as a governmental function on a case-by-case basis. That is, in my opinion, the same approach that must be taken in consideration of your particular question. Whether a particular function qualifies as one that is normally performed by a governmental entity is a question of fact and must be looked at with a view to all the surrounding circumstances. This office is not equipped as a fact finder; rather, if the issue continues to be problematic, it may be one that requires judicial resolution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh