The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, AR 72764
Dear Representative McJunkin:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your specific question is as follows:
 Are the meetings and actions of the Board of Directors of the Springdale Memorial Hospital subject to the Freedom of Information Act?
In my opinion, if the Springdale Memorial Hospital is supported in part by public funds and carries on "public business," it is, in all likelihood, subject to the provisions of the Arkansas Freedom of Information Act.
The FOIA is applicable to all governmental entities within the state. A.C.A. §§ 25-19-103 and -106(a). The act also applies to nongovernmental entities "wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103. You have not indicated, however, whether the Springdale Memorial Hospital is a governmental or a private entity. If it is a governmental entity, it is clearly subject to the FOIA. If it is a private entity, further inquiry is required. That is, if the hospital is in receipt of public funds and carries on "public business" it may be subject to the FOIA.
State and local funding satisfies the "receipt of public funds" requirement, as does federal funding. See Rehab. HospitalServices Corp. v. Delta-Hills Health Systems Agency, Inc.,285 Ark. 397, 687 S.W.2d 840 (1985); Arkansas Gazette v. SouthernState College, 273 Ark. 248, 620 S.W.2d 258 (1981), app.dism'd, 455 U.S. 931 (1982); North Central Ass'n of Colleges School v. Troutt Brothers, Inc., 261 Ark. 378, 548 S.W.2d 825
(1977); and Op. Att'y Gen. Nos. 90-236 and 88-163. However, the mere receipt of public funds is not sufficient to bring a private organization within the act; rather, the question is whether the private entity carries on "public business" or is otherwise intertwined with the activities of government. City ofFayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990) (private attorneys retained by city); Op. Att'y Gen. 90-243
(non-profit organizations that receive grants from cities or counties under A.C.A. §§ 14-173-101—105 to promote economic development).
"When the state or one of its political subdivisions attempts to conduct its affairs through private entities, those entities are for all practical purposes the government itself, and the FOIA should apply." Watkins, The Arkansas Freedom of Information Act
30 (1988). "When the activities of a private organization and the government became intertwined, the private organization may well render itself part of the State for [FOIA] purposes." Op. Att'y Gen. 83-163. It is uncertain, however, just how "intertwined" the private entity must be with the government before the FOIA will be deemed applicable. See, e.g., Rehab. Hospital ServicesCorp. v. Delta-Hills Health Systems Agency, Inc., 285 Ark. 397,687 S.W.2d 840 (1985) and Op. Att'y Gen. 92-205.
The correspondence attached to your request does not indicate whether the Springdale Memorial Hospital is in receipt of or expends public funds, or whether it engages in "public business" or is otherwise intertwined with the activities of government. I am therefore without sufficient information to offer a conclusive response to your question. Your question necessarily requires a factual inquiry with a view to all the surrounding circumstances. It is my opinion, however, that if the hospital is supported in part by public funds and carries on "public business" or performs functions normally served by governmental entities, it is, in all likelihood, subject to the provisions of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh