The Honorable Sam Pope Prosecuting Attorney Tenth Judicial District P.O. Drawer 22 Hamburg, AR 71646
Dear Mr. Pope:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your specific question is as follows:
 Are the meetings of the board of directors of a local rural electric cooperative open to the public under the Freedom of Information Act of 1967 if part of the cooperative's debt is financed with federal loan funds from the Rural Electrification Administration?
It is my opinion that the answer to your question will depend upon whether the electric cooperative is both in receipt of public funding and carrying on public business.
The FOIA is applicable to all governmental entities within the state. A.C.A. §§ 25-19-103 and -106(a). The act also applies to nongovernmental entities "wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103. State and local funding satisfies the "receipt of public funds" requirement, as does federal funding. See Rehab. HospitalServices Corp. v. Delta-Hills Health Systems Agency, Inc.,285 Ark. 397, 687 S.W.2d 840 (1985); Arkansas Gazette v. SouthernState College, 273 Ark. 248, 620 S.W.2d 258 (1981), app.dism'd, 455 U.S. 931 (1982); North Central Ass'n of Colleges School v. Troutt Brothers, Inc., 261 Ark. 378, 548 S.W.2d 825
(1977); and Op. Att'y Gen. Nos. 90-236 and 88-163.
However, the mere receipt of public funds is not, in itself, sufficient to bring a private organization within the act; rather, the question is whether the private entity carries on "public business" or is otherwise intertwined with the activities of government. City of Fayetteville v. Edmark, 304 Ark. 179,801 S.W.2d 275 (1990) (private attorneys retained by city); Op. Att'y Gen. 90-243 (non-profit organizations that receive grants from cities or counties under A.C.A. §§ 14-173-101—105 to promote economic development).
The court in Edmark, in considering whether the retainer of private attorneys by a city was enough to bring the attorneys within the provisions of the FOIA, noted that "[t]he specially retained attorneys were the functional equivalent of the regular city attorney." 304 Ark. at 186.
 When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself. It should not matter whether the activity is `proprietary' or `governmental' in nature, for in either case the government is involved in the `public business'.
Edmark, 304 Ark. at 187.
However, as noted by Professor Watkins in The Arkansas Freedomof Information Act (m m Press 1988) at 31, "Stating this `public business' concept is much easier than applying it. For example, it is uncertain just how `intertwined' the private entity must be with the government before the FOIA will be deemed applicable."
You have indicated in your request that the electric cooperative in question is in receipt of public funds by way of a federal loan from the Rural Electrification Administration to finance part of its debt. You have not indicated, however, whether the cooperative engages in "public business." The determination of whether an activity is one which qualifies as a governmental function such that the entity would be considered to be engaging in "public business" is a question of fact that the courts have dealt with on a case-by-case basis. See Op. Att'y Gen. 93-121. The same approach that must be taken in consideration of your particular question. Whether a particular function qualifies as one that is normally performed by a governmental entity is a question of fact and must be looked at with a view to all the surrounding circumstances. While this office has previously opined that rural water users associations and cooperative associations were subject to the FOIA when supported in part by public funding and performing functions normally served by governmental entities (see Op. Att'y Gen. Nos. 92-205 and 90-071), it is not clear whether the provision of service by a local rural electric cooperative is a function normally performed by government. This issue may, rather, require judicial clarification. However, it is my opinion that if the electric cooperative in question is both in receipt of public funds and carries out a function normally provided by government or governmental functions, it is, in all likelihood, subject to the provisions of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh