The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion on whether the Arkansas Freedom of Information Act (A.C.A. 25-19-101 to — 107 (1987) ("FOIA"), is applicable to a nonprofit corporation known as the "Highway 71 Water Users Association, Inc.," and if so, how the members of the Association should go about enforcing their rights under the act. You have enclosed a copy of the Articles of Incorporation of the Association and its bylaws, each of which indicate that the Association is a "rural domestic water association." You also note that the Association at one time received a governmental grant in excess of one hundred thousand dollars, and since that time has received loan proceeds from the Farmers Home Administration.
It is my opinion, although the issue is ultimately one of fact, that the Association is in all likelihood subject to the requirements of the FOIA. In answer to the second part of your question, the aggrieved parties have a statutory right to appeal the denial of FOIA access to the circuit court. See A.C.A.25-19-107 (1987). Additionally, negligent violations of the act are punishable as misdemeanors. Such violations may therefore be referred to the proper prosecuting authorities.
It was concluded in Op. Att'y Gen. 92-205 (copy enclosed), that nonprofit water users associations which are supported in part by public funds and which are performing functions normally served by governmental entities are subject to the FOIA. The basis for that Opinion will not be reiterated in detail herein. Suffice it to say that the Arkansas Supreme Court has, on a least two occasions, held private nonprofit corporations subject to the requirements of the Arkansas FOIA.
See Rehab. Hospital Services Corp. v. Delta-Hills Health Systems, Agency, Inc., 285 Ark. 397, 687 S.W.2d 840 (1985), and North Central Assoc. of Colleges Schools v. Troutt Bros. Inc.,261 Ark. 378, 548 S.W.2d 825 (1977). In each case, the court noted the receipt of public funds by the nonprofit entities, and the "public purpose" or "great public concern" surrounding the activities of the nonprofit entities. The court, in the later case of Sebastian County Chapter of the American Red Cross v. Weatherford, 311 Ark. 656, 846 S.W.2d 641 (1993), noted that the funding received in both cases was "direct" rather than "indirect" funding, which the court in Weatherford held to be an essential element to application of the FOIA.
It appears from the facts presented in your request that the "Highway 71 Water Users Association" is in receipt of direct public funding in the form of a government grant. A similar grant was held sufficient to constitute public funding in Sitton v. Gayer, Myers, Gregg, Harp and the White River Rural Water Association (No. CIV 92-411, Washington County Circuit Court, June 1, 1992). Although this decision is not of statewide precedential value (to my knowledge it has not been appealed), I agree with the conclusion reached therein that such rural water associations serve a public purpose normally provided by governmental entities, and if supported by direct public funds, are subject to the Arkansas FOIA.
It is therefore my opinion, although the issue is ultimately one of fact, that the answer to your question is in all likelihood "yes." Persons aggrieved by a denial of rights under the FOIA may thus either appeal the denial to the circuit court, or contact the prosecuting authorities in an effort to secure enforcement of the act.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh