The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion on the following question involving the Arkansas Freedom of Information Act ("FOIA") codified at A.C.A. § 25-19-101 et seq. (Repl. 1992 and Supp. 1995):
 If a county quorum court determines that it is in the best interest of the county to purchase goods or services directly or indirectly from quorum court members, county officers, or county employees under authority of A.C.A. § 14-14-1202(c)(2)(A) and the county, by ordinance, directs that such goods or services shall be purchased, are copies of the receipts and expenditures related to the goods and services, which are to be provided to the county, subject to the Freedom of Information Act?
Although it is not entirely clear from your question, I assume you are referring to records of receipts and expenditures in the hands of the quorum court member or county officer or employee, and not those maintained by the county. County records would, of course, constitute "public records" under the FOIA (A.C.A. § 25-19-103(1) (Repl. 1992)), and as such would generally be subject to public inspection and copying. A.C.A. § 25-19-105 (Supp. 1995).
It must be initially noted that this question can only be conclusively resolved with reference to the particular facts and circumstances in each case. You have asked the question generally, without reference to any specific facts. Nor is this office equipped to act as a factfinder in resolving the matter. I will set forth what I believe are the key elements of the relevant legal analysis. As you can discern from the discussion below, however, consideration of all of the facts in each instance is critical to the final analysis.
In determining whether the quorum court member, county officer, or county employee must make his or her records in this regard public, a threshold question arises concerning the proper test to be applied under the FOIA. Clearly, public officials and employees are subject to the act. That is, the FOIA clearly applies to those records "which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee. . . ." A.C.A. §25-19-103(1). It is presumed that "[a]ll records maintained in public offices or by public employees within the scope of their employment" are "public records." Id.
Thus, if the quorum court member, county officer, or county employee is acting in his or her official capacity or within the scope of his or her employment in providing the goods or services to the county, it seems clear that the FOIA will require disclosure of related receipts and expenditures. This would probably be the case, for instance, if the goods or services were being provided in connection with the duties of the individual's office or employment. This will require a factual determination in each case.
It must also be recognized, however, that private entities can be subject to the FOIA under the so-called "public funding" test. See generally J. Watkins, The Arkansas Freedom of Information Act 27 (2nd ed. 1994). The FOIA applies not only to public officers and employees and governmental agencies, but also to "any other agency wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1).[1]
Thus, if the quorum court member or county officer or employee is "supported wholly or in part" by public funds within the meaning of the FOIA, disclosure of the records will be required notwithstanding the fact that he is not acting within the scope of his office or employment when providing the goods or services to the county.
It must be recognized in this regard that the mere receipt of public funds is not, it itself, sufficient to bring a private organization within the FOIA. The Arkansas Freedom of Information Act, supra at 35;see also Ops. Att'y Gen. 93-154, 93-121, 93-119, and 95-273. Rather, as stated by a recognized commentator on the FOIA, "the group's activities must be of public concern and intertwined with those of government." J. Watkins, The Arkansas Freedom of Information Act, supra at 35.
Stating this test is, however, much easier than applying it. The Arkansas Supreme Court, in an effort to elucidate the requirements and intent of the FOIA, quoted the following from a law review article authored by Professor Watkins:
 When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself. It should not matter whether the activity is `proprietary' or `governmental' in nature, for in either case the government is involved in the `public business.' Thus when a county official hires a certified public accountant to conduct an audit of a county department instead of using public employees for that purpose, the CPA's records relevant to that task should be obtainable under the FOIA.
304 Ark. at 187, quoting J. Watkins, Access to Public Records Under theArkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984).
The ruling in Edmark was premised, it seems, on the theory that the outside legal counsel in that instance "were the functional equivalent of the regular city attorney." 304 Ark. at 186. The FOIA request in that case involved legal memoranda prepared by attorneys specially retained by the City in connection with an incinerator and landfill project. The City contended that the outside counsel were not "agencies" supported by public funds. The Court rejected these arguments, stating that "[t]he City cannot avoid the FOIA requirements by substituting a private attorney for the city attorney." Id. Otherwise, the Court said, public officials could arguably "shield from disclosure sensitive or controversial material by hiring an outside attorney instead of using its regular city attorney."Id.
Thus, when the issue involves services rendered to the county, Edmark
indicates that the FOIA will require disclosure of receipts and expenditures if the individual or entity is providing a service that the county would otherwise provide through county employees. In determining whether a particular service qualifies, it has been suggested that "the only question seems to be whether government employees conceivably could have done the work." The Arkansas Freedom of Information Act, supra at 39. The fact that the private contractor possesses special expertise is apparently not a factor in the analysis. Id., citing Edmark.
With regard to goods sold to the county, if the question involves goods alone it is my opinion that the FOIA will ordinarily not apply to the private individual or entity selling the goods because, as stated by Professor Watkins, "government cannot possibly produce all of the goods it needs to function and, as a practical matter, has no choice but to purchase materials from the private sector." Id. at 40. Thus, with regard to those goods which the county would not otherwise be providing through its employees, there is probably no requirement that the individual or entity selling the goods must disclose records of receipts and expenditures. The court in Edmark was concerned that public officials might be able to shield "sensitive or controversial material" (304 Ark. 186) by hiring private contractors. This concern is not immediately apparent with respect to such goods.
It should perhaps be noted, however, that the FOIA may well apply if the private individual or entity supplying the goods is actually acting more as a purchasing agent in procuring the goods for the county, as distinguished from a typical vendor of goods. This set of facts may require application of the analysis, set out above, with respect toservices. If a county employee could have made the purchases, it can be forcefully argued that records pertaining to the purchases are disclosable under the FOIA. The county in that instance would be conducting its affairs through the private individual or entity. Seegenerally, Edmark, supra. And the potential for circumventing the FOIA is apparent.
In conclusion, therefore, it is my opinion that the FOIA will require public disclosure of records of receipts and expenditures if the quorum court member or county offices or employee is providing the goods or services in connection with the duties of his or her office or employment. If, however, he is acting outside the scope of his office or employment, it is my opinion that the FOIA will be inapplicable in most instances in the case of goods sold to the county. An exception may exist if the county ordinarily produces the goods or if the quorum court member, county officer or county employee is providing the goods to the county more as a purchasing agent than a vendor of goods. With regard to services provided outside the scope of his or her office or employment, this requires application of the "functional equivalent" type of analysis revealed in Edmark, supra. If the services would otherwise be performed by a county employee, it is my opinion that records of receipts and expenditures will in all likelihood be subject to disclosure under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] For cases in which the FOIA was deemed applicable to private entities, see Depoyster v. Cole, 298 Ark. 203, 766 S.W.2d 606 (1989);Rehab Hospital Services Corp. v. Delta-Hills Health Systems Agency,Inc., 285 Ark. 397, 687 S.W.2d 840 (1985); North Central Association ofColleges Schools v. Troutt Brothers, Inc., 261 Ark. 378,548 S.W.2d 825 (1977).