The Honorable Dennis Young State Representative P.O. Box 1835 Texarkana, AR 75504
Dear Representative Young:
This is in response to your request for an opinion on the following question:
 If private companies are chosen to build and operate State Prisons, will those private companies be subject to the Freedom of Information laws?
It must be initially noted that this question can only be conclusively resolved in the context of a specific Freedom of Information Act ("FOIA") request, with reference to the particular record(s) or meeting(s) sought to be made public. As a general matter, however, it is my opinion that the private companies would in all likelihood be subject to the FOIA in connection with operation of the prisons. Generally, however, I do not believe the FOIA would apply with respect to construction of the prisons.
Private entities can, of course, be subject to the FOIA under the so-called "public funding" test. See generally J. Watkins, The ArkansasFreedom of Information Act 27 (2nd ed. 1994). The FOIA applies not only to public officers and employees and governmental agencies, but also to "any other agency wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1) (Repl. 1992).[1] The mere receipt of public funds is not, however, in itself sufficient to bring a private organization within the FOIA. The Arkansas Freedom ofInformation Act, supra at 35; see also Ops. Att'y Gen. 96-123, 95-273, 93-154, 93-121, and 93-119. Rather, as stated by a recognized commentator on the FOIA, "the group's activities must be of public concern and intertwined with those of government." J. Watkins, The Arkansas Freedomof Information Act, supra at 35. The Arkansas Supreme Court, in an effort to elucidate the requirements and intent of the FOIA, quoted the following from a law review article authored by Professor Watkins:
 When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself. It should not matter whether the activity is `proprietary' or `governmental' in nature, for in either case the government is involved in the `public business.' Thus when a county official hires a certified public accountant to conduct an audit of a county department instead of using public employees for that purpose, the CPA's records relevant to that task should be obtainable under the FOIA.
City of Fayetteville v. Edmark, 304 Ark. 179, 187, 801 S.W.2d 275
(1990), quoting J. Watkins, Access to Public Records Under the ArkansasFreedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984).
The ruling in Edmark was premised, it seems, on the theory that the outside legal counsel in that instance "were the functional equivalent of the regular city attorney." 304 Ark. at 186. The FOIA request in that case involved legal memoranda prepared by attorneys specially retained by the City in connection with an incinerator and landfill project. The City contended that the outside counsel were not "agencies" supported by public funds. The Court rejected these arguments, stating that "[t]he City cannot avoid the FOIA requirements by substituting a private attorney for the city attorney." Id. Otherwise, the court said, public officials could arguably "shield from disclosure sensitive or controversial material by hiring an outside attorney instead of using its regular city attorney."Id.
In response to your general question, therefore, because the state prisons would presumably otherwise be operated by state officers and employees, private companies providing those services will likely be subject to the FOIA under the rationale outlined in Edmark, supra. It may be successfully contended in that instance that the state is "seek[ing] to conduct its affairs through [the] private entities." 304 Ark. at 187. The Pulaski County Circuit Court appears to have embraced this rationale in the recent case of Dungan, et al. v. Johnson, et al., No. 95-9709 (Pulaski Co. Cir. Ct. 1st Div. April 11, 1996). The plaintiffs in that case sought access to the procedures manual of a private provider of health care services at the county jail. After determining that the so-called "competitive advantage" exemption did not apply to the records in question, the court cited Edmark, supra, regarding a private entity in receipt of public funds "stand[ing] in the place of [the] public entity. . . ." Letter from Judge Marion A. Humphrey to John E. Tull, Paul D. McNeill and Stephen Cobb (March 13, 1996).
This Pulaski County case offers further support for the general proposition that records relevant to operation of the prisons will constitute "public records" under the FOIA. On the other hand, it may reasonably be concluded that the private contractors who build the prisons do not stand in the place of the state, because this is not a task or service that the state would otherwise perform. Thus, followingEdmark, the state would not be conducting its affairs through the private entity in that instance; and as a general matter the FOIA would in all likelihood be inapplicable in connection with prison construction.
It should be noted, finally, that a conclusive determination regarding the disclosure of particular records can only be made on a case-by-case basis. The possibility exists, depending upon the facts, that an exemption could apply to a particular record. See generally A.C.A. §25-19-105(b) (Supp. 1995). With regard to the open meetings requirement (A.C.A. § 25-19-106 (Repl. 1992)), as in the case of public records, the FOIA will apply only to meetings "relevant to [the] task" for which the private company is hired. As stated by Professor Watkins, "[w]hile the board of directors of a private corporation would qualify as a governing body, it must meet publicly only to discuss matters pertaining to the activities for which the corporation receives government funds." TheArkansas Freedom of Information Act, supra at 41.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] For cases in which the FOIA was deemed applicable to private entities, see Depoyster v. Cole, 298 Ark. 203, 766 S.W.2d 606 (1989);Rehab Hospital Services Corp. v. Delta-Hills Health Systems Agency,Inc., 285 Ark. 397, 678 S.W.2d 840 (1985); North Central Association ofColleges Schools v. Troutt Brothers, Inc., 261 Ark. 378,548 S.W.2d 825 (1977).