The Honorable Stanley Russ State Senator Post Office Box 787 Conway, Arkansas 72032-0787
Dear Senator Russ:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1996, as amended by Acts 540, 873, and 1335 of 1997). Specifically, you have asked for an opinion concerning whether the meetings of the board of directors of the Conway Regional Medical Center are subject to the "open meetings" requirements of the FOIA. Your letter states that a nonprofit corporation operates the Conway Regional Medical Center.
In Opinion No. 96-116 (copy enclosed), this office addressed comparable issues regarding the Saline Memorial Hospital. We opined that whether such a nonprofit corporation is subject to the FOIA is largely a question of fact. Accordingly, a conclusive determination as to whether the meetings of the board of directors of the Conway Regional Medical Center are subject to the "open meetings" requirements of the FOIA will require a factual inquiry, which is beyond the scope of an Attorney General opinion. In my opinion, the critical factual inquiry is whether the nonprofit corporation receives direct public funding other than Medicare and Medicaid funds. Although this office is neither authorized nor equipped to perform the inquiry necessary to determine all the relevant facts, I will attempt to provide some guidance about the law that should be of use to a person who is in possession of the relevant facts.
It has been held that the FOIA applies to those private (i.e., nongovernmental) organizations that receive public funds and carry on public business or are otherwise intertwined with the activities of government. See City of Fayetteville v. Edmark, 304 Ark. 179,801 S.W.2d 275 (1990); see also Op. Att'y Gen. Nos. 96-116, 95-353, 94-023, 93-154, 93-119 (the latter concerning a hospital whose status as a governmental or private entity was unclear). Professor Watkins has stated the rule as follows: "[T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies." J. Watkins, Arkansas Freedom ofInformation Act 37 (2nd ed. 1994). "When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself." Edmark, 304 Ark. at 187, quoting Watkins, Access to Public Records under the ArkansasFreedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984);see also Depoyster v. Cole, 298 Ark. 203, 766 S.W.2d 606 (1989);Rehab Hosp. Serv. Corp. v. Delta-Hills Health Systems Agency, Inc.,285 Ark. 397, 687 S.W.2d 840 (1985); North Central Ass'n of Colleges Schools v. Troutt Brothers, Inc., 261 Ark. 378, 548 S.W.2d 825 (1977).
The threshold, and fundamental, question is whether the corporation is "wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1); see also A.C.A. § 25-19-103(2) and §25-19-106(a). It is my understanding that the corporation operating the medical center leases the land and improvements from the City of Conway.[1] See generally Arkansas Uniform Linen Supply Co. v.Institutional Services Corp., 287 Ark. 370, 700 S.W.2d 358 (1985). It is, however, clear that the corporation's lease of the hospital facility from the city, even if the rentals payable thereunder are below fair market rates, will not constitute the receipt of public funds. The government's indirect subsidy of a private organization is not sufficient to make the private organization subject to the FOIA; rather, this part of the test is satisfied only if there is a direct transfer to the private organization of money belonging to the government. SebastianCounty Chapter of the American Red Cross v. Weatherford, 311 Ark. 656,846 S.W.2d 641 (1993); Op. Att'y Gen. No. 96-116.
It is also my understanding that the Conway Regional Medical Center receives Medicare and Medicaid funds. In an opinion issued in 1983, my predecessor concluded that the receipt of Medicare and Medicaid funds alone by a private nonprofit hospital does not make the hospital subject to the FOIA. Op. Att'y Gen. No. 83-163; see also J. Watkins, ArkansasFreedom of Information Act 37. My predecessor noted that the hospital receives "public funds" only in payment for services rendered to a private citizen and that the public at large has no interest as "electors" in being informed of the manner in which a hospital renders medical services to a private individual. Similarly, it is my opinion that the receipt of Medicare and Medicaid funds alone by a nonprofit corporation operating a city owned hospital does not make the corporation subject to the FOIA.
It seems fairly likely that the corporation at issue here is carrying on a public business or is otherwise intertwined with the activities of the City. See Op. Att'y Gen. No. 96-116; but see Arkansas Uniform, supra. A municipality is authorized to own, lease, and operate land or facilities that can be used for hospitals. A.C.A. § 14-265-103 (1987). Again, it is my understanding that the corporation operating the medical center leases the land and improvements from the City of Conway. The activity thus appears to be one that would be conducted by the City itself in the absence of the arrangement with the corporation and is probably, therefore, one involving a public business. Nevertheless, even if the corporation is carrying on a public business or is otherwise intertwined with the activities of the City, the public funding requirement must also be satisfied and you have not indicated any type of direct public funding.
Again, the question of whether the meetings of the board of directors of the Conway Regional Medical Center are subject to the "open meetings" requirements of the FOIA is largely a question of fact. If, in fact, the corporation is wholly or partially supported by public funds, or expends public funds, and carries on a public business or is otherwise intertwined with the activities of the city, it is my opinion that the corporation is subject to the FOIA and that the answer to your question is "yes." Arkansas Code Annotated § 25-19-106(a), the "open meetings" provision of the FOIA, provides in part: "[e]xcept as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all . . . and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings." Thus, if the corporation is subject to the FOIA, the meetings of the board of directors must, as a general matter, be conducted as public meetings.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It must be noted that this office lacks the resources and the authority to undertake a factual review of the terms of specific agreements.