The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, Arkansas 72143-5331
Dear Senator Beebe:
This is in response to your request for an opinion on whether meetings of the Southeast White County Water Association ("Association") are subject to the "Arkansas Freedom of Information Act" or "FOIA" (A.C.A. §§25-19-101 to -107 (Repl. 1996 and Supp. 1997). You have enclosed a letter with your request which states that: "At issue is whether or not grant money comes into play."
It is my opinion that the answer to this question will depend to some extent upon the nature of the grant funding, and the facts surrounding the activities of the Association. Two previous opinions issued by my predecessor indicate, however, that rural nonprofit water associations, if in receipt of federal or state grant monies, can be subject to the FOIA.
You have not indicated the exact status of the Southeast White County Water Association. A check of corporation records maintained by the Arkansas Secretary of State reveals that it is a nonprofit corporation formed in 1970 under the provisions of the "Arkansas Nonprofit Corporation Act." See A.C.A. §§ 4-28-201 to -224 (Repl. 1996). The association is thus a private entity. It has been stated with regard to the applicability of the FOIA to private entities, that:
 In addition to governmental entities, the FOIA's `public funding' definition encompasses private organizations `in the State of Arkansas . . . supported wholly or in part by public funds or expending public funds." The term `public funds,' while not defined in the statute, has been held to mean `[m]oneys belonging to government, or any department of it, in the hands of [a] public official.' Federal, state, and local funds are included. . . . As a result of [Rehab Hospital Services Corp. v. Delta-Hills Health Agency, Inc., 285 Ark. 397, 687 S.W.2d 840
(1985)] private entities that receive federal funds are potentially subject to the state FOIA, even if they are not funded by state or local governments.
Watkins, The Arkansas Freedom of Information Act (mm Press 3rd Ed. 1998) at 41 (footnotes omitted).
In addition to the receipt of public funds, the private entity must perform a function of public concern and conduct activities intertwined with the government in order to be subject to the FOIA. The Arkansas Supreme Court has stressed such factors when faced with the applicability of the FOIA to private entities. See, e.g., North Central Association ofColleges Schools v. Troutt Bros., Inc., 261 Ark. 378, 548 S.W.2d 825
(1977) and Rehab Hospital Services Corp. v. Delta-Hills Health SystemsAgency, Inc., supra. Otherwise, notes Professor Watkins, "the act would reach anyone who received government largesse, including welfare recipients and private hospitals that receive Medicare and Medicaid payments." Watkins, supra at 42.
My predecessor addressed the applicability of the FOIA to private nonprofit water associations in two separate opinions. See Ops. Att'y Gen. 94-001 and 92-205. In each opinion, the water association at issue was in receipt of federal loans and federal grant money. Each opinion noted that the issue was ultimately one of fact, and that the nature of the funding and the activities performed by the associations must be considered. It was concluded in Opinion 94-001, however, that the association at issue therein was "in all likelihood subject to the requirements of the FOIA." Op. Att'y Gen. 94-001 at 1. Opinion 92-205
concluded that: "those water associations which are supported in part by public funds and which are performing functions normally served by governmental entities are subject to the FOIA." Op. Att'y Gen. 92-205 at 1.
Each opinion also referred to a local Washington County court decision,Sitton v. Gayer, Myers, Gregg, Harp and the White River Rural WaterAssociation (No. CIV 92-411, Washington County Circuit Court, June 1, 1992). The circuit judge in that case specifically held that the White River Rural Water Association, which received a $100,000 grant in 1975, was in receipt of and was expending direct public funds for the operation of its business. The court also found that by providing water to its nineteen hundred members, the association was performing a function normally provided by governmental entities. The court held the Association was therefore subject to the provisions of the FOIA.
The Washington County decision, of course, having not been appealed, does not stand as statewide precedent. In addition, the facts regarding the Southeast White County Water Association may be distinct from those presented to the Washington County Circuit Court. Relevant to any factual determination in this regard may be the extent to which the grant monies are still being utilized. As noted in Watkins, supra:
 [a] factual inquiry will be necessary to determine the point at which the entity is no longer supported by public funds.
* * *
 Sometimes there will be little difficulty in pinpointing the termination date, as would be the case when a private entity provides services for a specified term under a city contract. E.g., Ark. Op. Att'y Gen. No. 92-220. In other situations, the inquiry will not be so easy. Suppose, for example, that a rural water association received a federal grant several years ago for start-up operations. See Ark. Op. Att'y Gen. No. 92-205. Arguably, the FOIA is no longer applicable when the association exhausts those funds or when equipment purchased with the money is fully depreciated.
Id., supra at 48 and 68 (n. 80).
Factual issues may therefore come into play in determining whether a particular water association is subject to the FOIA. The Attorney General, in the issuance of official Attorney General opinions, is not equipped or empowered as a factfinder. The question as regards any individual water association will be for a court of competent jurisdiction to determine. I agree with the conclusions reached in Ops. Att'y Gen. 94-001 and 92-205, however, that such water associations serve a public purpose, and that federal grant moneys may, depending upon the facts, be sufficient to trigger application of the FOIA.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh