The Honorable Gene Jeffress State Representative 1483 Ouachita 47 Louann, AR 771751-8761
Dear Representative Jeffress:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the possible application of the Freedom of Information Act ("FOIA"), A.C.A. § 25-19-101 through -107. Specifically, you have asked:
 Ouachita Industries is a private nonprofit corporation that is licensed by the Arkansas Department of Human Services as a "DDS Community Program Provider." They receive Arkansas Medicaid monies in payment for services provided for personal care and support to develop mentally disabled individuals. They are required by DDS licensure standards to hold "board meetings/public meetings at a time and place accessible to the public." They are also required by the DDS licensure standards to announce board meetings. Are they required to comply with the FOIA?
RESPONSE
Although this office is neither equipped nor authorized to act as a finder of fact, assuming the facts to be as you have reported them, in my opinion FOIA would apply to Ouachita Industries' DDS-regulated activities.
This office set forth the applicable standard for analyzing your request in Ark. Op. Att'y Gen. No. 93-154:
 The FOIA is applicable to all governmental entities within the state. A.C.A. 25-19-103 and -106(a). The act also applies to nongovernmental entities "wholly or partially supported by public funds or expending public funds." A.C.A. 25-19-103. State and local funding satisfies the "receipt of public funds" requirement, as does federal funding. See Rehab. Hospital Services Corp. v. Delta-Hills Health Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840 (1985); Arkansas Gazette v. Southern State College, 273 Ark. 248, 620 S.W.2d 258 (1981), app. dism'd, 455 U.S. 931 (1982); North Central Ass'n of Colleges School v. Troutt Brothers, Inc., 261 Ark. 378, 548 S.W.2d 825 (1977); and Op. Att'y Gen. Nos. 90-236 and 88-163.
 However, the mere receipt of public funds is not, in itself, sufficient to bring a private organization within the act; rather, the question is whether the private entity carries on "public business" or is otherwise intertwined with the activities of government. City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990) (private attorneys retained by city); Op. Att'y Gen. 90-243 (non-profit organizations that receive grants from cities or counties under A.C.A. 14-173-101 — 105 to promote economic development).
 The court in Edmark, in considering whether the retainer of private attorneys by a city was enough to bring the attorneys within the provisions of the FOIA, noted that "[t]he specially retained attorneys were the functional equivalent of the regular city attorney." 304 Ark. at 186.
 When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself. It should not matter whether the activity is `proprietary' or `governmental' in nature, for in either case the government is involved in the `public business'.
Edmark, 304 Ark. at 187.
Professor Watkins has summarized the test that applies to private organizations as follows:
 [T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies. This approach is sound. If the mere receipt of public funds were enough to trigger the act, it would reach anyone who received government largesse, including welfare recipients and private hospitals that receive Medicare and Medicaid payments. As the Supreme Court has recognized, however, the FOIA should apply when the government "seeks to conduct its affairs through private entities," for in that situation "the entities are for all practical purposes the government itself." Or, as the Attorney General has put it, the FOIA covers a publicly funded organization that enjoys a "symbiotic relationship" with the state or its political subdivisions: "[w]hen the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes."
J. Watkins, The Arkansas Freedom of Information Act 42 (m m Press 1998) (footnotes omitted) (quoting Edmark, 304 Ark. at 187 and Ark. Op. Att'y Gen. No. 83-163).
As reflected in the passage just quoted, the mere receipt of Medicaid payments will not in itself subject a private organization to FOIA. As noted in Ark. Op. Att'y Gen. No 97-148:
 In an opinion issued in 1983, my predecessor concluded that the receipt of Medicare and Medicaid funds alone by a private nonprofit hospital does not make the hospital subject to the FOIA.[1] Op. Att'y Gen. No. 83-163; see also J. Watkins, Arkansas Freedom of Information Act
37. My predecessor noted that the hospital receives "public funds" only in payment for services rendered to a private citizen and that the public at large has no interest as "electors" in being informed of the manner in which a hospital renders medical services to a private individual. Similarly, it is my opinion that the receipt of Medicare and Medicaid funds alone by a nonprofit corporation operating a city owned hospital does not make the corporation subject to the FOIA.
See Ark. Op. Att'y Nos. 97-148, 83-163 (receipt of Medicare and Medicaid funds do not subject private hospitals to FOIA).
As described, Ouachita Industries does have a significant quasi-public identity. You indicate that the corporation receives funds "in payment for services provided for personal care and support to develop mentally disabled individuals," subject to licensure and regulation by the Division of Developmental Disabilities Services ("DDS").[2] Although your description of the services rendered is not very detailed, these services are clearly designed to render assistance to individuals suffering a "developmental disability" as defined at A.C.A. §20-58-101(1) (Supp. 1999). In enacting chapter 48 of title 20 of the Code, which deals exclusively with the care of the developmentally disabled, the legislature identified as a matter of high public concern "mak[ing] available the broadest and most effective provision of mental retardation services to those in need of the services." A.C.A. §20-48-207(a). Indeed, not only has the legislature authorized the Board of Developmental Disabilities to contract with private facilities to provide such care, A.C.A. § 20-48-207, it has further directed the Board to control various state-owned facilities that provide the same sort of care at locations throughout the state, A.C.A. § 25-10-104(a). Both the public and the private facilities are subject to identical licensing requirements and Board regulations. A.C.A. § 20-48-208.
Based on the foregoing, I believe the activities of Ouachita Industries are closely intertwined with governmental activities and of intense public concern. Accordingly, applying the well settled principle that FOIA must be liberally interpreted to achieve its purposes, see, e.g.,Arkansas Gazette Company v. Pickens, 258 Ark. 69, 522 S.W.2d 350 (1975), in my opinion Ouachita Industries is subject to FOIA as to any DDS-regulated activities.[3] I am only reinforced in my opinion by the fact that the Board of Developmental Disabilities has imposed regulations requiring that Ouachita Industries board meetings be open to the public and publicly announced — requirements that reflect the Board's conclusion that the activities authorized in chapter 48 of title 20 are sufficiently public to trigger application of FOIA. As stated in 73 C.J.S. PublicAdministrative Law and Procedure 67: "Administrative interpretations, although not to be given the force of statutory authority or law, are entitled to consideration and weight. . . . They are persuasive as an expression of the view of those experienced in the administration of the statute." See also Morris v. Torch Club, 278 Ark. 285, 645 S.W.2d 938
(1983).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] In Ark. Op. Att'y Gen. No. 83-163, my predecessor initially couched the question as being whether Medicare and Medicaid benefits constitute `public funds' which would subject the hospital to the Freedom of Information Act." I find this approach somewhat misleading, since, as Professor Watkins acknowledged in the passage quoted above, such benefits clearly flow from public funds. The pertinent questions are whether these public funds finance activity that has a clear public purpose and is intertwined with the work of a government body. Significantly, my predecessor did not end his analysis with a simple conclusion that the funds were not public; rather, he conducted an inquiry into the questions I have just articulated.
[2] DDS is one of the ten divisions that comprise the Arkansas Department of Human Services. A.C.A. § 25-10-102(a)(4).
[3] You have not indicated in your request whether Ouachita Industries conducts any business other than that regulated by the Board of Developmental Disabilities. If so, records and meetings relating to these activities would not be subject to FOIA. See Edmark, 304 Ark. at 187
(FOIA applies only to meetings and records "relevant to that task" relating to "public business"); Ark. Op. Att'y Gen. No 87-319 (only documents that "constitute a record of the performance or lack of performance of official functions" fall within FOIA); Watkins, supra at 47.