The Honorable Jim Argue State Senator 5300 Evergreen Drive Little Rock, AR 722-5
Dear Senator Argue:
This is in response to your request for an opinion on whether the Arkansas Aids Foundation is subject to the provisions of the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §25-19-101 et seq. (Repl. 1996 Supp. 1999). You state that the Foundation is a private, non-profit organization that receives federal funds under the Ryan White Title II program. You state further that the funds are granted to the Foundation through the Arkansas Department of Health.
RESPONSE
It is my opinion that the answer to this question will turn upon whether the Foundation is carrying on public business or is otherwise intertwined with the activities of government to an extent that the FOIA will be triggered under the analysis discussed below. This necessarily involves an inquiry into all of the particular surrounding facts and circumstances. I lack sufficient information to resolve this matter, nor is this office equipped or authorized to act as a finder of fact. I am thus unable to offer a conclusive response to your question. I will, however, set out what I believe to be the relevant legal test to be applied under the particular facts.
The FOIA applies to all governmental entities within the state. A.C.A. §§25-19-103 (Repl. 1996) and 25-19-106(a) (Repl. 1999). It also applies to "any other agency wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1) (Repl. 1996). This language reveals that private, nongovernmental entities can be subject to the FOIA. Federal funding can, moreover, satisfy the "receipt of public funds" requirement. See Rehab Hospital Services Corp. v. Delta-HillsHealth Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840 (1985);Arkansas Gazette v. Southern State College, 273 Ark. 248, 620 S.W.2d 258
(1981), app. dism'd, 455 U.S. 931(1982); North Central Ass'n of Colleges School v. Troutt Brothers, Inc., 261 Ark. 378, 548 S.W.2d 825 (1977); and Op. Att'y Gen. Nos. 90-236 and 88-163.
The mere receipt of public funds is not, however, alone sufficient to bring a private organization within the reach of the FOIA. The question is whether the private entity carries on "public business" or is otherwise intertwined with the activities of government. City ofFayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990) (private attorneys retained by city); Op. Att'y Gen. Nos. 2000-039 (private non-profit corporation licensed by the Department of Human Services to provide services for the developmentally disabled), 95-273 (private non-profit area on agency designated to provide services to older Arkansas under a federal grant program) and 90-243 (non-profit organizations that receive grants from cities or counties under A.C.A. §§14-173-101 to -105 to promote economic development). The court inEdmark, supra, in considering whether the files of private attorneys retained by a city were public records, determined that the FOIA should apply when the government "seeks to conduct its affairs through private entities," for in that situation "it seems clear that those entities are for all practical purposes the government itself." Id. at 187, quoting J. Watkins, Access to Public Records Under the Arkansas Freedom ofInformation Act, 37 Ark. L. Rev. 741, 764 (1984).
Professor Watkins has summarized the test that applies to private organizations as follows:
 [T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies. This approach is sound. If the mere receipt of public funds were enough to trigger the act, it would reach anyone who received government largesse, including welfare recipients and private hospitals that receive Medicare and Medicaid payments. As the Supreme Court has recognized, however, the FOIA should apply when the government `seeks to conduct its affairs through private entities,' for in that situation `the entities are for all practical purposes the government itself.' Or, as the Attorney General has put it, the FOIA covers a publicly funded organization that enjoys a `symbiotic relationship' with the state or its political subdivisions: `[w]hen the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes.'
J. Watkins, The Arkansas Freedom of Information Act 42 (3rd ed. 1998) (footnotes omitted) (quoting Edmark, 304 Ark. at 187 and Ark. Op. Att'y Gen. No. 83-163).
As this office has previously noted, it is unclear just how "intertwined" the private entity must be with the government before the FOIA will be deemed applicable. See, e.g., Op. Att'y Gen. Nos. 96-013 and 92-205. It has been suggested that "perhaps the most obvious case of such intertwining occurs when a private entity receives public funds for the general support of activities that are closely aligned with those of government." The Arkansas Freedom of Information Act, supra at 43, citingRehab Hospital Services, Corp., supra (assistance of private body in reviewing proposed changes in the state's health care delivery system).See also Op. Att'y Gen. Nos. 2000-039 and 95-273, supra, and 90-236 (911 Communications Center supported by public funds), 89-372 (administrative body for a regional hazardous materials response team), 89-082 (nonprofit organization that assists local law enforcement in emergency situations). I have enclosed copies of Opinions 2000-039 and 95-273 for your convenience, as these appear to be the most apposite opinions issued to date involving federally funded private service providers.
With regard to the grant recipient at issue in this instance, a conclusive determination will, I believe, require a review of the Foundation's overall operations, as well as its activities or functions relating to the grant. This may also involve a review of the terms and conditions of the grant itself. As discussed above, the question ultimately turns on whether there is sufficient alignment with the government, or "intertwining" of functions, to trigger the FOIA. It must also be noted that even if the publicly funded activities are closely aligned with the government so as to trigger the FOIA, this will not necessarily be determinative of the FOIA's general applicability to the Foundation. A question may remain as to the precise extent to which the FOIA applies. See, e.g., Edmark, supra, 304 Ark. at 187 (FOIA applies only to meetings and records "relevant to the task" relating to the "public business.")[1]
While I am therefore unable to offer a conclusive response to your question, the foregoing analysis should assist in framing the necessary factual review.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/EAW:cyh
[1] It should perhaps be noted, as stated in Watkins, The ArkansasFreedom of Information Act, supra, at 42, n. 49, that a private entity supported by federal funds may under some circumstances be subject to thefederal Freedom of Information Act (5 U.S.C. § 552). As pointed out by Professor Watkins, supra, Forsham v. Harris, 445 U.S. 169 (1980), suggests that this might be the case if a federal agency is "pervasively involved in [the private body's] day-to-day operations."